STATE v. WILLIAM VAUGHAN.

*Warrant of Justice, power to amend in Superior Court—Discretionary Power.*

1. The court has the power to amend a justice's warrant in a criminal action, in form or substance, but the amendment must not change the nature of the offence intended to be charged. THE CODE, § 908.

2. Whether such power to amend shall be exercised, is discretionary with the presiding judge.

CRIMINAL ACTION, tried on appeal, at Fall Term, 1884, of GREENE Superior Court, before *Avery, J.*

The defendant appealed from the judgment rendered

against him by the justice of the peace, to the superior court.

The warrant upon which the defendant was tried in the court of the justice of the peace, was as follows: *To any lawful officer, etc.:* Whereas, Taylor Barrow, overseer of the public road from Fort Run to Wayne county line, has complained on oath to me, one of the acting justices of the peace in and for said county, that he appointed the 8th day of August, 1884, to work said road, and that he gave William Vaughan, one of the hands liable to work on said road, lawful notice to attend and work said road, and that he failed and refused to do so: These are, therefore, to command you to arrest said William Vaughan, and him have before me at Shine, in said county, on the 27th day of August, 1884, at 10 o'clock A. M., then and there to answer said complaint, and be otherwise dealt with according to law." Given under my hand and seal this 27th day of August, 1884.

(Signed) JOHN W. TAYLOR, J. P. [Seal.]

When the case was called in the superior court for trial, the defendant moved to quash the warrant, and the solicitor moved to amend the charging part of the warrant as follows, to wit: "That William Vaughan, late of Bull-head township, in the county of Greene aforesaid, on the 8th day of August, 1884, and for ten days and more, before the said William Vaughan had been duly summoned as a hand to work on said public road, situate in said township, in said Greene county, and was then and during all said time between eighteen and forty-five years of age, and liable to work on said public road, and that three days and more before the day first aforesaid, the said William Vaughan had been duly and lawfully summoned to work on said public road, on the said first named day, and that the said William Vaughan being then and there liable as aforesaid, and having been so summoned as aforesaid, did on the day

and year aforesaid, in said township, in the county afore-
said, wilfully and unlawfully fail and omit to attend and
work on said public road, as he was so summoned to do as
aforesaid, he, the said William Vaughan, not having paid
to said overseer one dollar to be relieved from so working
on said public road, against the form of the statute in such
case made and provided and against the peace and dignity
of the state."

The court refused the motion to amend, on the ground
that section 908 of THE CODE did not give the court power
to grant the amendment asked, but allowed the motion to
quash.

From the refusal of the court to allow the amendment,
and the order of the court that the warrant be quashed, the
solicitor appealed.

*Attorney-General,* for the State.
No counsel for the defendant.

ASHE, J. The only question presented for our considera-
tion is, did the court have the power to allow the amend-
ment? We think it unquestionably had such power.

THE CODE, § 908, under the provisions of which the so-
licitor made his motion to amend, is as follows:

" No process or other proceeding begun before a justice of
the peace, whether in a civil or criminal action, shall be
quashed or set aside, for the want of form, if the essential
matters are set forth therein ; and the court in which any
such action shall be pending, *shall have power to amend any
warrant,* process, pleading, or proceeding in such action,
either *in form or substance,* for the furtherance of justice, on
such terms as shall be deemed just, at any time either be-
fore or after judgment.

Before the adoption of THE CODE there was no statute in-
vesting the courts with the power of amending process, pro-

ceedings, &c., had before justices of the peace. The only legislation on that subject was that "no process issued by a justice of the peace shall be set aside for the want of form if the essential matters are set forth therein." Rev. Code. ch. 62, § 22. This embraced civil as well as criminal process, but gave no power to amend in matters of substance. In civil actions, however, the amplest powers of amendment were given to the courts to amend any process, pleading or proceeding in such actions either in form or substance for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein. Rev. Code, ch. 3, § 1.

THE CODE in section 908 greatly extends the power of the courts. In fact, it gives them unrestricted power of amendment to all warrants, process, proceedings and pleadings in any action civil or criminal commenced before a justice of the peace in *form* or *substance* either before or after judgment.

We understand the purpose of the legislature in creating this statute was to confer power on the courts to make such amendment as may be deemed necessary to perfect the actions, pleadings, &c., begun before justices of the peace, where the essential matters are set forth, but not to change the character of the action or the nature of the offence intended to be charged.

And, while ample power of amendment is given in such cases, there is no restriction upon the discretion of the courts. His Honor in the court below might have refused, as a matter of discretion, to allow the amendment, but where his refusal was put upon the ground of his not having power to allow it, there was error.

Whether in this case there was any necessity for the amendment, or whether the court should have allowed the particular amendment proposed, we express no opinion; but we are clearly of opinion that under the provisions of

the statute the court had the power to make the amendment in question.

There is error. Let this be certified to the superior court of Greene county, that the case may be proceeded with according to law.

Error.                                                    Reversed.