STATE v. JEFFERSON CROOK and another.

*Appeal, statement of Case—Warrant, power to amend—Act of Assembly and Constitution discussed.*

1. Where it appears that the appellant served no case upon the appellee and the judge makes the statement of the case on appeal, it is presumed that he did so by consent of parties.

2. But when the record presents the exceptions necessary to enable this court to pass upon them, no formal statement of a "case" need be made.

3. The court has power to amend a justice's warrant under THE CODE, § 908—see preceding case. The provisions of this statute are not in conflict with the constitution.

4. Article one, section thirteen of the constitution, providing that no person shall be convicted of crime but by the unanimous verdict of a jury, and giving the legislature power to provide other means of trial for petty misdemeanors with the right of appeal; and section twelve, to the effect, that no one shall be held to answer a criminal charge, "except as hereinafter allowed" but by indictment, &c., discussed and interpreted by MERRIMON, J.

(*State* v. *Gallimore*, 7 Ired., 147; *State* v. *Edney*, 80 N. C., 360; *State* v. *Fox*, 81 N. C., 576; *State* v. *Quick*, 72 N. C., 241; *State* v. *Bryson*, 84 N. C., 780; *State* v. *Powell*, 86 N. C., 640, cited and approved.)

APPEAL from a justice's court tried at Spring Term, 1884, of UNION Superior Court, before *MacRae, J.*

The defendants were charged in a justice's warrant with a misdemeanor, in " unlawfully " releasing impounded stock, in violation of the act of 1879, ch. 135, § 12. The case is stated in the opinion here. The state solicitor appealed from the ruling of the court below.

*Attorney-General,* for the State.
*Messrs. Covington & Adams,* for defendants.

MERRIMON, J. A justice of the peace in the county of Union on the 16th day of May, 1883, issued his warrant against the defendants, charging them with a violation of the statute, (acts 1879, ch. 135, § 12,) and they were arrested and taken before the justice of the peace and tried. He found them guilty, gave judgment against them, and they appealed to the superior court.

The warrant charged that the mischief complained of was " unlawfully " done, but it did not charge that it was " unlawfully and wilfully " done.

In the superior court, the defendants moved to quash the warrant upon the ground that the offense was not sufficiently charged therein ; that it ought to be alleged that the defendants did " unlawfully and wilfully," &c.

The solicitor for the state thereupon moved that the warrant be amended, so as to charge that the offense was " unlawfully and wilfully " done, &c.

The court denied the latter motion on the ground, " that the presiding judge had no power to make the amendment," allowed the motion to quash the warrant, and thereupon the state solicitor appealed to this court.

In this court the counsel for the defendants moved that the judgment of the superior court be affirmed, upon the ground that no case for this court upon appeal had been

settled according to law, and he suggested, upon affidavit of the defendants, that the case settled upon appeal, which appears in the transcript of the record, was made by the presiding judge without notice to the defendants, or their counsel, and without their consent or sanction, and that the solicitor for the state had never served upon them, or either of them, nor upon their counsel, a case upon appeal as required by the statute in such cases.

Generally, the presumption is, nothing appearing to the contrary, that the case settled upon appeal to this court by the presiding judge, was settled by consent of parties, but if it be granted that this presumption is rebutted in this case by the affidavit of the defendants, the motion cannot be allowed, because the appeal brought the case into this court, and the record itself, without any case settled upon appeal, sufficiently presents the ground of exception to enable the court to decide the question presented by it.

The motion of defendants, the motion of the solicitor to amend, the denial of the one, the granting of the other, and the exception to the ruling of the court, all necessarily appear in the record, and therefore there was no necessity to settle the case upon appeal.

The object of settling the case upon appeal is to present the exceptions intelligently. Where these appear sufficiently in the record, a formal statement of the case is not necessary. And so, if the formal " settlement " of the case upon appeal in this case shall be treated as mere surplusage, as it may be, the court must look into the record and decide any question presented by it. *State* v. *Gallimore,* 7 Ired., 147 ; *State* v. *Edney,* 80 N. C., 360 ; *State* v. *Fox,* 81 N. C., 576.

The legislature has been careful to provide that process and proceedings, whether civil or criminal, begun before justices of the peace, shall not be quashed, set aside or fail, for want of form, if the essential matters are set forth therein. Statutory provision in this respect has been deemed neces-

sary, because this useful class of officers is not generally composed of persons skilled in the law and its forms. The legislature meant to declare first, that their process and proceedings must be upheld when they can be, consistently with the rights of the parties litigant. And secondly, in furtherance of this view, the statute, THE CODE, § 908, provides that "the court in which any such action shall be pending, shall have power to amend any warrant, process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time, before or after judgment."

The power of amendment thus conferred upon the courts is very broad and thorough. Any amendment in either a civil or criminal action in respect to the warrant, process, pleading or proceeding, in form or substance, may, in the discretion of the court, be made in furtherance of justice. This does not, however, imply, certainly in a criminal action, power to change the nature of the action, or rather, the nature of the offense intended to be charged, so as to charge an entirely different offense in substance from that at first intended, but any amendment may be made that perfects the charge of the offense whether such amendment affects the form or the substance. It has been so held at the present term in *State* v. *Vaughan, ante* 532.

The counsel for the defendants, on the argument, questioned the power of the legislature to invest the courts with such power of amendment in respect to criminal actions, upon the ground that it left the power to amend, change or modify the accusation, in the appellate court, and this would, he insisted, be in violation of the Bill of Rights, and he cited section 13 of article one, which provides that, "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal."

It will be observed that the last clause of this section provides that, "the legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal." This plainly implies that, *as to petty misdemeanors*, a method of trial other than by jury in the ordinary method may be provided by the legislature, if the right of appeal be allowed—that is, the right to appeal to a court where trial by jury may be had.

It is said, however, that this interpretation is in conflict with section twelve of article one of the constitution, which provides that, " No person shall be put to answer any criminal charge, *except as hereinafter allowed*, but by indictment, presentment or impeachment."

It is obvious, that the words of the section, "except as hereinafter allowed," have reference to the last clause of the section next succeeding it, and are intended to harmonize the two sections and let both operate.

The very purpose of conferring on the legislature power to provide means of trial other than by jury in the ordinary way, as to petty misdemeanors, is to avoid the inconvenience, expense and delay attendant upon indictments by the grand jury, and the trial by jury where the parties choose to waive it, in the ordinary course of criminal procedure. Prior to the present constitution, the legislature did not possess such power, and there was much complaint at the costliness, inconvenience and delay in the administration of criminal justice in respect to small offenses. One object had in view by the new constitution is, to obviate that evil. In addition to the provisions above cited and in furtherance of the same purpose, it is provided, among other things, in section 27 of article four, that, " the several justices of the peace shall have jurisdiction *under such regulations as the general assembly shall prescribe*, * * * * of all criminal matters arising within their counties, where the punishment cannot exceed a fine of fifty dollars, or impris-

onment for thirty days. * * * * When an issue of fact shall be joined before a justice of the peace, on demand of either party thereto, he shall cause a jury of six men to be summoned, who shall try the same. * * * * In all cases of a criminal nature, the party against whom judgment is given, may appeal to the superior court where the matter shall be heard anew."

The provisions of the constitution referred to bearing upon the subject before us, all have the same common purpose, and must be construed together. That purpose is manifest, and the necessary incidental powers to completely effectuate it cannot be denied. It is contemplated that the justice of the peace shall grant his warrant in all proper cases, and that warrant shall contain the accusation against the party charged with the petty offense; if he accuses imperfectly, he may amend his warrant so as to perfect the charge of the same offense; he may try the party, or either party to the prosecution may demand and have a jury trial, the jury to consist of six men; the defendant, if convicted, may appeal to the superior court, and in that court "the matter shall be heard anew." What matter? Plainly, the matter tried before the justice of the peace. It is not contemplated as suggested by counsel, that a bill shall be sent before the grand jury in superior court, and the accused tried, not "anew," but upon indictment found. The warrant issued by the justice of the peace, and containing the accusation, is the matter to be tried "anew." If upon the appeal, the court shall find the warrant or accusation made in it, imperfect by reason of lack of form or substance, the court may, in its discretion, amend and perfect one or both, not changing the nature of the offense. THE CODE, § 908, expressly allows this to be done, and the statute is not inconsistent with the constitution; indeed, it executes effectually its purpose and intent. The legislature is fully empowered to provide "other means of trial for petty misdemeanors," than the ordinary

method, and justices of the peace have jurisdiction of the offences, "under such regulations as the general assembly shall prescribe." How the accusation shall be made, how informal and imperfect accusations shall be amended and perfected, is not prescribed by the constitution; this is left to the legislature, and the power in that respect is not restricted, certainly by any express limitation.

The power conferred upon the superior court to amend proceedings before a justice of the peace upon appeal, is neither unreasonable nor oppressive. How is the accused injured or prejudiced by perfecting the charge against him in the superior court? He goes into that court after he has been tried before the justice of the peace. Is he to escape there because of lack of form in the warrant or charge against him, and go back and take his chances of escape a second time upon another warrant, accusation and trial before the justice of the peace, not skilled in the law, and dissatisfied with his judgment, go to the superior court to escape there a second time, because of informality? Surely the constitution does not contemplate so idle, so vicious a method of procedure! If allowed, it would practically, in a large degree, defeat the purpose of the constitution in conferring upon the legislature power to provide specially for the trial of petty misdemeanors. The exercise of such power of amendment in the superior court is essential to render the jurisdiction of justices of the peace practically effectual in criminal matters wherein appeals shall be taken. *State* v. *Quick*, 72 N. C., 241; *State* v. *Bryson*, 84 N. C., 780; *State* v. *Powell*, 86 N. C., 640.

The court erred in holding that it had no power to allow the amendment prayed for by the solicitor for the state, and for such error, the judgment must be reversed. To that end let this opinion be certified according to law.

Error.                                        Reversed.