STATE v. DAVID C. SMITH.

*Warrants; Amendment of, in Superior Court.*

The Superior Court has power to *amend.* after verdict, a warrant
  brought by appeal of defendant from a Justice's Court, charging
  defendant with going upon the land of another, after being forbid-
  den to do so, so as to charge that the entry was "wilful and
  unlawful," and to make the charge conclude, "against the peace
  and dignity of the State."

INDICTMENT, for going upon the land of another, after
being forbidden, tried before *Armfield, J.,* at January Term,
1889, of the Superior Court of PITT.

The defendant was arrested upon a criminal warrant,.
issued by a Justice of the Peace, charging him with going
upon the land of another without a license, having first
been forbidden to do so, in violation of the statute (*The
Code,* § 1120). He pleaded not guilty, and was convicted in
the Court of the Justice of the Peace, and from the judgment
there against him he appealed to the Superior Court, and
on the trial. in that Court, there was a verdict of guilty;
whereupon, he moved an arrest of judgment, upon the
ground, that it was not charged in the warrant that the
entry upon the land was "wilful and unlawful," and that
the charge did not conclude "against the form of the stat-
ute." Upon the motion of the Solicitor for the State, the
Court allowed the warrant to be amended in the respects
mentioned, overruled the motion in arrest of judgment, and
gave judgment against the defendant, from which he, hav-
ing excepted, appealed to this Court.

*The Attorney General,* for the State.
*Mr. C. M. Bernard,* for the defendant.

MERRIMON, J. (after stating the case). The amendment of the warrant allowed did not change the nature of the offence charged, or affect the substance thereof, nor did it deprive the defendant of any defence he might or could have made. The power of the Superior Court to allow such amendments is very comprehensive, and is intended to help actions and proceedings, both civil and criminal, beginning in courts of Justices of the Peace. This authority to exercise such power has been repeatedly considered by this Court, and is well settled. *State* v. *Vaughan,* 91 N. C., 532; *State* v. *Crook, ibid.,* 536; *Singer Mfg. Co* v. *Barrett,* 95 N. C., 36.

Very clearly the Superior Court had power to allow the amendments complained of, and properly did so.

No error.                                      Affirmed.