### THE STATE v. W. B. BAKER.

*Amendment—Justice of the Peace—Warrant—Working Roads.*

1. The Superior and Criminal Courts have power to amend any warrant, process, pleading or proceeding begun before a Justice of the Peace, even after verdict and judgment; but where such amendment is made after verdict, it should be in conformity with evidence elicited on the trial.

2. Where an amendment to a warrant was allowed after verdict, wherein facts were alleged not in the original, and the record did not show there had been any evidence introduced to support them: *Held*, that there was error, and a new trial ordered.

3. A warrant charging simply that the defendant " did refuse to work the public road, after being legally warned by P., supervisor, against the peace and dignity of the State," is insufficient.

APPEAL from a Justice of the Peace, tried before *Meares, J.*, at Fall Term, 1889, of the Criminal Court of MECKLENBURG County.

The warrant charged "that W. B. Baker did, on the 31st of July and the first day of August, 1889, with force and arms, at and in the county aforesaid, refuse to work the public road, after being legally warned by said P. P. McClelland, supervisor, against the peace and dignity of the State."

Upon conviction in the Court of a Justice of the Peace, the defendant appealed to the Criminal Court. In the latter Court he pleaded not guilty. On the trial, the jury rendered a verdict of guilty. Thereupon, the defendant moved in arrest of judgment, assigning as grounds of his motion that the warrant was fatally defective in the respects specified in his exceptions to the amendment of the warrant. Thereupon, the Solicitor for the State moved to amend the warrant. The Court allowed this motion, and the defendant objected, assigning as grounds of his objection—

" Because there was no evidence in the case to show—

" 1. That the defendant was notified to work any particular road, either by name or any particular description.

" 2. That defendant was duly assigned and liable to work on any particular road.

" 3. That the defendant was between eighteen and forty-five years of age, and a resident of Crab Orchard township."

The Court gave judgment against the defendant, and he, having excepted, appealed.

*The Attorney General* and *Mr. R. H. Battle,* for the State. *Messrs. P. D. Walker* and *C. W. Tillett,* for defendant.

MERRIMON, C. J.: Obviously, the charge in the warrant was insufficient. It indicated, in terms entirely too general and indefinite, the particular offence intended to be charged, and failed to specify, as it should have done, its constituent elements. But, clearly, the Court had authority to allow the amendment, even after verdict. The offence was a petty misdemeanor, and cognizable in the Court of a Justice of the Peace. The statute (*The Code,* § 908) confers upon the Superior and Criminal Courts very large powers of amendment in such cases. *State* v. *Smith,* 98 N. C., 747; *State* v. *Crooke,* 91 N. C., 539; *State* v. *Smith,* 103 N. C., 410; *State* v. *Sykes,* 104 N. C., 694. But when the Court allows such amendments after verdict, it should do so cautiously, and be sure that the evidence produced on the trial went to prove the offence in every material aspect of it, as if it had been completely charged in the warrant. There should be evidence to prove the offence as if properly and sufficiently charged at the time of the trial. Although it is petty, it should be fully proven. In such a case, if such evidence was not produced on the trial, the Court should set the verdict aside and grant a new trial, and then allow proper amendments, to the end the action may be tried upon its merits. Regularly,

such amendments should be made before trial, and thus possible mistakes may be avoided and prevented.

In this case, after the amendments were allowed, the defendant complained and contended, that no evidence was produced on the trial to prove the offence as charged by such amendments. It does not appear that there was. As the Court, in settling the case for this Court, does not state that there was, it must be taken that there was not, because the matter was directly called to the attention of the Court; and if there was such evidence, it should have set it forth, or, at all events, have said there was evidence.

The objection that the supervisor of roads was not duly appointed seems to be without merit, but it was not ground for arresting the judgment, if it had been well founded. The judgment could be arrested only for some matter appearing on the face of the record, or that failed to appear there when it should have done so.

Error.                                        *Venire de novo.*