## THE STATE v. WILLIAM NORMAN.

*Amendment— Constitution—Statute—False Pretences.*

1. The power conferred upon the Superior Courts by *The Code*, § 908, to amend any process, pleading or proceeding begun before a Justice of the Peace is unrestricted, save only that the effect of the amendment must not change the nature of the offence originally intended to be charged. It is not necessary that the amendment should have the concurrence of the Justice of the Peace who heard the cause, nor that the amended charge should be re-sworn.

2. The Act of 1889, ch. 444, making it an indictable offence to procure advances by false promises to begin work, is not unconstitutional. The gist of the offence is not the obtaining the advances, and afterwards refusing to perform the labor, but in the fraudulent intent at the time of obtaining the advances and making the promise.

3. Where, upon a promise to begin work on the following Monday, the prosecutor made advances to the defendant, and the latter failed, without proper excuse, to begin work at the time stipulated, and was arrested on complaint of prosecutor on Tuesday: *Held*, to be a failure to begin work within the meaning of the statute.

CRIMINAL ACTION, tried before *Brown, J.*, at Fall Term, 1891, of BEAUFORT Superior Court.

The defendant is charged with violating chapter 444, Acts 1889, amended by chapter 106, Acts 1891, which, as amended, provides: " If any person, with intent to cheat or defraud another, shall obtain any advances in money, provisions, goods, wares or merchandise of any description from any other person or corporation upon and by color of any promise or agreement that the person making the same will commence or begin any work or labor of any description for said person or corporation from whom said advances are obtained, and said person so making said promise or agreement shall unlawfully and wilfully fail to commence and complete said work according to contract without a lawful excuse, the person so offending shall be guilty of a misdemeanor and pun-

ished by a fine not exceeding fifty dollars, or imprisonment not exceeding thirty days."

The affidavit and warrant were as follows:

" J. R. Beasley, being duly sworn, etc., says that at and in said county, and in Bath township, on or about the 24th day of October, 1891, William Norman did unlawfully and wilfully obtain advances from me by false pretence for the amount of $2.09, by promising me to settle the same, and failed to comply, against the form of the statute in such cases made and provided, and contrary to law and against the peace and dignity of the State.

(Signed)        J. R. BEASLEY."

" *To any Constable or other lawful officer of Beaufort County*—
     Greeting :

You are forthwith commanded to arrest William Norman, and him safely keep, so that you have him before me at my office in Bath, or some other Magistrate in said county immediately, to answer the complaint and be dealt with as the law directs.

Given under my hand and seal, this 26th day of October, 1891.

(Signed)        J. S. MARSH, *J. P.*"

The defendant was convicted before the Justice of the Peace and fine three dollars, and appealed to the Superior Court. In that Court leave was granted to amend the warrant. This was executed by amending the affidavit, so that it reads as follows, the additional words being in italics:

" J. R. Beasley, being duly sworn, complains and says that at and in said county, and in Bath township, on or about the 24th day of October, 1891, William Norman did unlawfully and wilfully obtain advances from me by false pretence to the amount of $2.09—*meat, flour, money*—by promising me to work to settle the same, and failed to comply. *The*

*defendant William Norman on the 24th day of October, in Beau-
fort County, unlawfully, with intent to cheat and defraud J. R.
Beasley, did obtain from said Beasley one dollar in money, one
pound of flour and other advances, upon and by color of his
promise then and there made to said Beasley that the said Nor-
man would begin work for the said Beasley to pay for said
advances, and then and there unlawfully and wilfully did fail to
begin and complete said labor, according to said contract, without
lawful excuse, contrary to the statute*—against the form of the
statute in such cases made and provided, and contrary to
law and against the peace and dignity of the State." (Signed
J. R. Beasley.)   Warrant as above.

The defendant excepted, because the Justice of the Peace
was not present, and because the prosecutor did not swear to
the warrant after it was amended.

The prayer for instruction (which was refused) and the
charge of the Court are stated in the opinion.   Verdict of
guilty.   Defendant moved in arrest of judgment on the
ground that the statute for the violation of which the war-
rant was issued was unconstitutional and void, as being in
violation of Article I, sec. 16 of the Constitution, forbidding
imprisonment for debt.   Motion denied.   Exception by the
defendant.   Judgment.   Appeal.

*Attorney General* and *Mr. J. H. Small*, for the State.
*Mr. Charles F. Warren*, for defendant.

CLARK, J.—After stating the case, proceeded : *The Code*,
§ 908, provides that in any proceeding begun before a Justice
of the Peace, whether in a civil or a criminal action, the
Court in which such action shall be pending " shall have
power to amend any warrant, process, pleading or proceeding
in such action, either in form or substance," and either before
or after judgment.   It is held that the section confers "unre-
stricted power of amendment" in such cases, provided the

amendment does not change the nature of the offence intended to be charged. *State* v. *Vaughan*, 91 N. C., 532. "Any amendment may be made that perfects the charge of the offence, whether such amendment affects the form or the substance," provided it does not "charge an entirely different offence in substance from that at first intended." *State* v. *Crook*, 91 N. C., 536; *State* v. *Smith*, 103 N. C , 410; *State* v. *Baker*, 106 N. C., 758. The warrant may refer to the affidavit, which thereby becomes a part of it, and the Court can amend either affidavit or warrant, or both. *State* v. *Sykes*, 104 N. C., 695; *State* v. *Winslow*, 95 N. C., 649. The charge in the present case, as set out in the affidavit and warrant before the Justice, was, of course, defective. Had it not been, there would have been no need of amendment. But the amendment did not change the offence intended to be charged. It merely perfected and made the charge more correctly and specifically, and was within the power of the Court. The defendant contends, however, that it was improvidently allowed in this case, because the Justice was not present, and the affidavit was not sworn to after the amendment. This is a misconception of the object of the act. The amendment is not for the purpose of perfecting the process to secure the arrest of the defendant. That has been already done. There is no need after amendment that the affidavit be re-sworn, or that the warrant be again served, nor can there be any necessity that the Justice be present. The amendment rests in the discretion of the Court, and does not require the concurrence or consent of the Justice. The amendment is to perfect and make more regular the same charge which had, therefore, been insufficiently or defectively made before the Justice of the Peace. Essential words, such as "unlawfully," "wilfully," and others, without which the warrant treated as an indictment on the trial in the Superior Court would be fatally defective, can be supplied by amendment even after verdict. *State* v. *Crook*, and other cases cited above. This differs from an amend-

ment of an affidavit in attachment, which should be again sworn to after amendment. *Bank* v. *Frankford*, 61 N. C., 199. Here the Court has jurisdiction by the arrest of the defendant who is before it, and the amendment of the affidavit is only because it is made a part of the warrant by being referred to therein, and the amendment is really of the warrant.

The defendant asked the Court to charge, "if the jury should believe, from the evidence, that the defendant agreed to begin work on the following Monday for Beasley, and to pay him for advances by picking cotton during the week, but was arrested by Beasley on Tuesday, then he was not guilty." This was properly refused. Having failed to begin work according to contract, the defendant had necessarily failed "to begin and complete the work" as agreed. The criminal offence is not the promise to pay for the advances in work and the failure to do so. That would be a mere breach of contract, and could not subject the party to liability to imprisonment. The offence charged is, that the defendant, with intent to cheat and defraud, "obtained the advances upon an agreement to begin work to pay for the same on Monday," and "unlawfully and wilfully failed to commence and complete said work according to contract, without a lawful excuse." If the defendant, *with such fraudulent intent*, procured the advances on the promise to begin work on Monday, and unlawfully and wilfully failed to begin on that day, without lawful excuse, the offence was complete. The charge of the Court, which was very clearly and correctly expressed, was as follows: "In order to convict, the State must show to the full satisfaction of the jury something more than obtaining the advances, a promise to work to pay for the same, and a breach of that promise. Nothing else being shown, these facts would constitute only a breach of contract, and for this the defendant could not be prosecuted criminally. The jury must be fully satisfied of an element of fraud in the trans-

action. If the jury believe, from the evidence, that the defendant obtained these advances, and promised to commence work on Monday morning to pay therefor, and at the time he obtained the advances and made the promise, intended to keep his word and commence work, and afterwards, being attracted by higher wages, or for other cause, failed to do so, he would not be guilty. But if the jury are fully satisfied that at the time he obtained the advances and made the promise (if he did make it), the defendant did not intend to commence work, but used the promise as an artifice or fraud for the sole purpose of obtaining the advancements, then he would be guilty. The jury must be satisfied that the defendant's object and purpose was to cheat and defraud."

In view of this charge, and what we have already said, it is not necessary to discuss the motion made in arrest of judgment, on the ground that the act creating the offence was in violation of section 16, article 1 of the Constitution of North Carolina. That section provides, "there shall be no imprisonment for debt in this State, *except in cases of fraud.*" The offence denounced by this statute is not the failure to comply with the contract, but the fraud in making it to obtain advances with intent to cheat and defraud. Ordinarily it might be somewhat difficult to show such intent, in the absence of admissions of the defendant. Certainly evidence merely of the agreement to work, the obtaining advances thereon and the failure to comply, would not warrant or support a verdict. But here there is no exception that the evidence was not sufficient to go to the jury, and, indeed, for that reason probably the entire evidence is not sent up.

Affirmed.