O. B. COX v. C. F. GRISHAM.

*Practice—Pleading—Amendment of Process and Pleadings in Justice's Court.*

1. A Justice of the Peace has power to amend any warrant, process, pleading or proceeding in any action pending before him, either civil or criminal, either in form or substance; therefore,

2. Where, in an action of claim and delivery of personal property, the allegation as to the value was omitted in the summons, the Justice of the Peace properly allowed a motion to amend by filling in the blank left for such allegation.

3. In such case, the evidence being uncontradicted that the value was less than fifty dollars, such amendment could have been made after verdict and judgment; and if the omission was by mistake or inadvertence, the amendment could have been allowed in the Superior Court, not to *give* jurisdiction, but to make it appear by the summons that it had not been improperly exercised.

Action of claim and delivery, heard on appeal from a Court of a Justice of the Peace, before *Armfield, J.,* at Fall Term, 1890, of ONSLOW Superior Court. From a judgment dismissing the action the plaintiff appealed.

*Messrs. Batchelor & Devereux,* for plaintiff (appellant).
No counsel, *contra.*

CLARK, J.: This was an action for the recovery of a sow and five pigs. The original summons failed to show the value of the property, and the Justice allowed a motion to amend the summons by filling in the blank left for allegation of the value, with the words "ten dollars." The defendant offered no evidence, but upon judgment being rendered against him he appealed. In the Superior Court the defendant moved to dismiss the action, on the ground that the Justice had no power to amend the warrant. This motion was erroneously allowed.

The Justice had ample authority to grant the amendment. Section 908 of *The Code* provides that a Justice of the Peace "shall have power to amend any warrant, process, pleading or proceeding" in any action pending before him, either civil or criminal, "either in form or substance." To same purport is *The Code*, § 840, Rule 9; also section 273, which permits an amendment "inserting other allegations material to the case."

The evidence uncontradicted being that the value of the property was less than fifty dollars, this amendment could have been allowed even after verdict and judgment. Had the averment of value been omitted from the summons, as it doubtless was, by mistake or inadvertence, the amendment could have been allowed even on the trial in the Superior Court, not to *give* jurisdiction, but to make it appear by the summons that it had not been improperly exercised. "Such amendment would relate back to the date of the summons. It could not work injustice to the parties, because, in fact, the jurisdiction existed. It only helped, cured defective process." *Leathers* v. *Morris*, 101 N. C., 184. In *State* v. *Sykes*, 104 N. C., 694, MERRIMON, C. J., says: "Procedure and proceedings before Justices of the Peace are generally more or less informal and summary. They are favored by every reasonable intendment, and are to be helped by the free exercise of the large powers conferred by the statute (*The Code*, § 908)

upon the Courts where the action in which they appear may be pending, to amend them as to form or substance at any time before or after judgment. *State* v. *Smith*, 103 N. C., 410, and cases there cited." To same purport are *State* v. *Baker*, 106 N. C., 758; and *State* v. *Norman*, 110 N. C., 484.

Error.