STATE v. G. V. MILLS.

(Filed 6 April, 1921.)

1. **Criminal Law—Automobiles—Statutes—Reckless Driving.**

Where a statute makes it a misdemeanor for careless or reckless driving of automobiles on public highways with regard to the width of the highway, or traffic thereon, and to the danger of life, limb, or property of persons thereon, and by proviso fixing varying speed limits for automobiles outside of and within incorporated cities or towns, making the violation of speed limits negligence *per se,* the legislative placing of these limits does not exclude a conviction for violating the preceding provisions of the statute at a less speed. C. S., 2618.

2. **Criminal Law—Indictment—Separate Offenses—Courts.**

An act defining separately the reckless or careless driving of automobiles upon public highways, with reference to the streets in residential and business portions of incorporated cities and towns, and on the public

highway outside of them, making a violation thereof a misdemeanor, states several offenses each of which is a separate crime, independent of the other.

**3. Pleadings—Criminal Law—Statutes—Amendments.**

On appeal from a court of a justice of the peace, the Superior Court judge may, under our statute, C. S., 1500, Rule 12, liberally allow amendments in his discretion, to the substance of a criminal complaint, as well as to the form, when so doing does not change the character of the offense originally charged.

**4. Same—Separate Counts—Same Offense.**

Where the defendant has been separately tried before a justice of the peace for the several acts made indictable under C. S., 2618, as to unlawful speeding upon public highways and streets, it is permissible for the Superior Court, on appeal, to allow an amendment to the complaint or warrant so as to make one complaint include the several offenses under different counts. C. S., 4647.

**5. Criminal Law—Indictment—Several Counts—Verdict.**

Where there are several counts in a criminal complaint (called indictment in this case), and each is for a distinct offense, a general verdict of guilty will apply to each, and a judgment rendered as to each count will be sustained for the separate offenses. C. S., 4622.

**6. Courts—Jurisdiction—Recorder's Court—Justices of the Peace—Statutes—Concurrent Jurisdiction.**

A recorder's court given concurrent jurisdiction with the court of a justice of the peace within the county had jurisdiction in this case over the offense of reckless driving, made a criminal act by C. S., 2618.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1920, of NASH.

Defendant was charged, before the recorder's court of Nash County, with "unlawfully, willfully, and feloniously driving an automobile recklessly, carelessly, and faster than allowed by law, and committing an assault and battery while so doing upon J. R. Wheless and others, with intent to kill, injure, and maim and damage said J. R. Wheless, contrary to the form of the statute," etc. He was tried upon the charge before the recorder's court and convicted and sentenced to six months imprisonment, and assigned to work on the public roads, and he appealed. The law alleged to have been violated is sec. 2618 of the Consolidated Statutes. The statute creates several different offenses as to driving motor vehicles on the public highways of the State; that is, driving recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger the property or the life or limb of any person. The proviso is, that operating a motor vehicle at a rate of speed exceeding twenty-five miles per hour on any public highway outside the limits of any incorporated city

or town, or at a rate exceeding eighteen miles per hour in the residential portion of any city, or at a rate exceeding ten miles per hour in the business section, shall be a violation of the statute.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. M. Person for defendant.*

WALKER, J., after stating the case: The proviso was intended to define three acts which should *per se* constitute reckless or careless driving, and the commission of each of these acts is a separate and distinct crime. There may be other acts of reckless or careless driving within the meaning of all that goes before the proviso, as it was not the purpose of the Legislature to restrict reckless or careless driving to those acts enumerated in the first proviso of sec. 2618. A person may drive carelessly, or even recklessly, without exceeding the prescribed speed limits, and this case furnishes a clear illustration of it.

Now as to the power of amendment. It will be observed that in the original affidavit upon which the warrant was issued by the recorder, defendant was charged with reckless and careless driving, and with driving faster than is allowed by law, and also with the commission of an assault. The defendant appealed from the sentence of six months in prison, and in the Superior Court the presiding judge was requested to allow an amendment of the affidavit, and of the warrant which refers to it, so that the charge might be made with greater certainty and particularity and the defendant was thereby informed of the special accusation made against him. We do not see why he should complain of this, as it favored him, because it enabled him to make better preparation for his defense. But whether so or not, the statute gives the judge ample power to permit such amendments to be made. Its terms are very broad and inclusive, as will appear on its face. This is the law, it being in Consolidated Statutes of 1919, sec. 1500, Rule 12 (Revisal of 1905, sec. 1467, Rule 11), and reads as follows: "No process or other proceedings begun before a justice of the peace, whether in a civil or a criminal action, shall be quashed or set aside, for the want of form, if the essential matters are set forth therein; and the court in which any such action shall be pending shall have power to amend any warrant, process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time either before or after judgment." In the note to sec. 1500 (Rule 12) of Consolidated Statutes will be found the cases in which the exercise of the power in a very liberal manner has been upheld. It was contended that

under this section the court has no power to strike out the offense charged in the lower court and insert an entirely new and different one. *S. v. Taylor,* 118 N. C., 1262; *S. v. Vaughan,* 91 N. C., 532; *S. v. Crook, ib.,* 536. The reason for the change in the statute extending the power of amendment, so as to embrace both civil and criminal cases, matters of substance as well as matters of form, and the power to amend before or after judgment, is perfectly obvious. It was because a justice of the peace was supposed to lack technical learning and skill in framing process and pleadings, whereas the lawyer who practiced in the Superior Courts, and the solicitor, were supposed to have both, and also the judge, and no harm could be done to the defendant, or to the opposite party, by making the process or pleading conform, in some degree, to the rules of law. It produced, at least, greater certainty in legal procedure. No party could be prejudiced by it unless there was a departure from the original charge in the warrant. A clear analysis of this section (which was sec. 908 of the Code) is made by *Justice Ashe* in *S. v. Vaughan, supra,* showing that the exercise of the power is discretionary, and that the power itself, by gradual amendment of the statute, is very broad and finally was extended to matters of substance, whereas formerly it related only to matters of form and was confined to civil actions. Rev. Code, ch. 52, sec. 22; ch. 3; and the Code, sec. 908.

Applying these well settled principles to this case, we find that the original warrant, while somewhat informal in its allegations, embraced, in a general way, all that is charged in the amendment allowed by the judge, in the form of a bill of indictment, each count specifying a distinct and different offense, but all embracing an assault, reckless driving, and driving at an excessive speed or a speed prohibited by the law. We should construe the original warrant with some liberality rather than with technical rigidity, and if the meaning of the law is there, it may be amended to express it more clearly in the appellate court, where the trial is anew. C. S., 4647. The charges here are for reckless driving and overspeeding in the three several respects mentioned in the statute. Defendant was acquitted of the assault and properly convicted of the three acts of driving at an unlawful rate of speed. The latter were committed on three different occasions and at three different places on the public highway and on the streets of Spring Hope, defendant driving more than 18 miles in its residential and more than 10 miles in its business section. They were therefore separate and distinct crimes. On the question of the power to amend the warrant, and the duty of the court to pursue a liberal policy with respect thereto, the following cases are pertinent: *S. v. Cauble,* 70 N. C., 62; *S. v. Smith,* 103 N. C., 410; *S. v. Baker,* 106 N. C., 758; *S. v. Yellowday,* 152 N. C., 793; *S. v. Currie,*

161 N. C., 276; *S. v. Poythress,* 174 N. C., 809; *S. v. Price,* 175 N. C., 804; *S. v. Gillikin,* 114 N. C., 832; *S. v. Telfair,* 130 N. C., 645; *Stone v. R. R.,* 144 N. C., 220. The later cases, *S. v. Hyman,* 164 N. C., 411; *S. v. Publishing Co.,* 179 N. C., 720. The warrant in this case is quite as amenable, under the provisions of C. S., 1500, Rule 12, as were the warrants in any of the cases just cited. The right to join the counts in one warrant is specially given, and the offenses are all of the same general class. C. S., 4622. Each count is in fact and theory a separate indictment, and a general verdict of guilty applies to each and every count. *S. v. Toole,* 106 N. C., 736. But here the jury has given, not a general verdict, but a separate verdict on each count. The punishment was properly imposed, and each sentence could be made to begin at the expiration of a preceding one. *S. v. Hamby,* 126 N. C., 1066; *S. v. Cathey,* 170 N. C., 794; *In re Black,* 162 N. C., 458. The defendant contends, though, that only one offense was committed, but we cannot accede to this proposition, as it is untenable if the evidence is to be accepted as true. Each of the three acts denounced by the statutes, driving at a rate of speed exceeding 25 miles, 18 miles, and 10 miles in the three several places mentioned constitutes a separate case of careless or reckless driving, the latter being but an intensive expression of the former, meaning rashly, negligent, or utterly careless, as if heedless, or as if indifferent to or regardless of consequences. As we have said, a person may drive carelessly, or even recklessly or heedlessly, without necessarily driving with excessive speed, though if he does overpass the speed limit, he violates the statutes by its express terms. Each of these offenses relating to speed have different elements, and it would be physically impossible to commit all of them at one and the same time, or at one and the same place, because they refer to different localities, which are separated from each other. Defendant could not be in two places at one and the same time, and certainly not in three. He might drive at an excessive speed, over 25 miles per hour, on a public highway in the country for only a half mile, and at all other times he may keep his motor car within the speed limit, and yet he would violate the law, and the same would equally apply to a street in the residential or business section of a town, using only a part of the street for the unlawful purpose, and his act would likewise be a violation of the statute. So that there were three violations in this instance.

The motion to quash was properly overruled, as the statute cited allows a joinder of the counts upon which he was convicted. C. S., 4622 (Laws 1917, ch. 168). As to the jurisdiction: The recorder's court in Nash County has concurrent jurisdiction with justices of the peace of offenses within the jurisdiction of such justices, and also juris-

diction of other offenses which are made petty misdemeanors.   Public-Local Laws 1911, ch. 176.   The recorder's court had jurisdiction, then, of the offenses charged in the warrant, and also of those alleged in the Superior Court, by way of amendment.   If there was no local statute, the general statute concerning recorder's courts would sustain the jurisdiction.

Reviewing the entire case, and record, we find that no error was committed by the judge at the trial.

No error.