STATE v. C. A. HOLT.

(Filed 29 February, 1928.)

**1. Criminal Law—Evidence—Character Evidence.**

Exceptions by defendant in a criminal action to questions tending to impeach the character of his witnesses cannot be sustained on the ground that he had not taken the witness stand, or placed his own character in evidence.

**2. Criminal Law—Pleading—Amendment to Indictment, When Allowed.**

An indictment before a justice of the peace may be amended by the trial judge upon the trial in the Superior Court on appeal. C. S., 1500.

APPEAL by defendant from *Grady, J.,* at September Special Term, 1927, of JOHNSTON. No error.

Defendant was convicted at a trial in the recorder's court of Johnston County, upon warrant charging possession of intoxicating liquor for the purpose of sale. From judgment upon this conviction he appealed to the Superior Court of said county. He was there tried upon the original warrant, as amended.

From judgment upon a verdict of guilty defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*J. F. Hatch, J. Ira Lee and Winfield H. Lyon for defendant.*

PER CURIAM. Defendant's assignments of error upon his appeal to this Court cannot be sustained.

Defendant did not testify as a witness in his own behalf. His objections to questions addressed to witnesses offered by him, upon their cross-examination by the Solicitor for the State, were properly overruled. They did not tend to impeach him, or to show that his character was bad. The principle applied in *S. v. Adams,* 193 N. C., 581, was not applicable to these questions or to the answers thereto. If answers to the questions had any probative force, they tended to impeach the witness, and not the defendant, and were competent for that purpose.

Nor was there error in allowing, during the progress of the trial, amendments to the warrant upon which defendant was tried. Defendant had ample opportunity to offer evidence with respect to the matters alleged in the amendments. The effect of the amendments was merely to add additional counts in the warrant. They were allowed in view of the evidence elicited during the trial. The order allowing the amendments is sustained by *S. v. Poythress,* 174 N. C., 809. In the opinion in that case it is said: "The policy of the law, as evidenced by section 1467 of the Revisal (now C. S., 1500, Rules 12 and 13), and numerous decisions of this Court, is one of liberality in allowing amendments in the Superior Court to warrants issued by justices of the peace, and such amendments are allowed even after verdict *(S. v. Smith,* 103 N. C., 410), and even after a special verdict *(S. v. Telfair,* 130 N. C., 645). The only restriction would seem to be that the amendment must be made to conform to the evidence elicited on the trial, as shown by the record *(S. v. Baker,* 106 N. C., 758)." Judgment affirmed.

No error.