STATE v. FRANK CLEGG.

(Filed 4 January, 1939.)

**1. Assault § 8: Constitutional Law § 26—**

A charge of assault with a deadly weapon with intent to kill, resulting in serious injury, is a charge of a felony, C. S., 4214, and defendant may not be put to answer thereon but by indictment. Art. I, sec. 12.

**2. Constitutional Law § 26: Indictment § 15—**

A warrant may not be amended so as to charge a different offense, and when a defendant is charged in a warrant with a felony, the Superior Court may not permit an amendment to the warrant so as to charge a misdemeanor, and put defendant to trial thereon over his objection without a bill of indictment, or waiver of bill for a misdemeanor.

APPEAL by defendant from *Williams, J.,* at October-November Term, 1938, of LEE. Error and remanded.

The defendant was arrested upon a warrant issued from the county court of Lee County, charging that he "did unlawfully and willfully and feloniously assault Simon Steele with a deadly weapon, to wit, a knife, inflicting serious damage, with intent to kill the said Simon Steele, against the form of the statute in such cases made and provided." Plea, not guilty.

In the county court the only entry was "Court adjudges defendant guilty of assault with deadly weapon, inflicting serious damage." Sentence of 60 days on the roads was imposed. Defendant appealed to the Superior Court.

In the Superior Court the defendant was tried on the original warrant and without a bill of indictment. After the jury was impaneled defendant moved to dismiss the warrant and quash the proceedings because the warrant charged a felony and no bill of indictment had been returned by the grand jury. Pending the motion, the court, over objection by the defendant, permitted the solicitor to amend the warrant by striking out the words "feloniously" and "with intent to kill the said Simon Steele," and thereupon denied defendant's motion, to which he excepted. There was verdict of guilty of assault with deadly weapon, and from judgment imposing sentence of imprisonment from sixteen to twenty-four months defendant appealed to the Supreme Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*D. B. King and K. R. Hoyle for defendant.*

DEVIN, J. Since the warrant charged the commission of a felony under the statute (C. S., 4214), the defendant could not be put to answer but by indictment. Constitution, Art. I, sec. 12; *S. v. Hyman,* 164 N. C., 411, 79 S. E., 284; *S. v. Rawls,* 203 N. C., 436, 166 S. E., 332. A similar question to the one raised by this appeal was recently considered by this Court in *S. v. Sanderson,* 213 N. C., 381, 196 S. E., 324. In that case the warrant issued by the county court, charging the defendant with "operating a whiskey still," was there amended to read "this being a second offense for manufacturing whiskey," a felony under the statute (C. S., 3409). On this warrant preliminary hearing was waived and the defendant bound over to the Superior Court. In the Superior Court, at October Term, 1936, bill of indictment was returned, and at January Term, 1937, *"nol. pros."* was entered by the solicitor, and the cause remanded to the county court for trial upon the warrant. Thereafter the defendant was tried in the county court on the warrant,

and from conviction and sentence appealed to the Superior Court. In the Superior Court, over objection, defendant was tried on the warrant, convicted and sentenced. On his appeal to this Court, it was said, *Stacy, C. J.,* speaking for the Court: "The defendant has been tried upon a warrant charging him with a felony. . . . For this offense trial may be had only upon a bill of indictment found by a grand jury."

In the case at bar, after this defendant had been put to trial in the Superior Court on the original warrant without a bill of indictment and over his objection, the solicitor was permitted to amend the warrant by striking therefrom the words in which the charge of felony under the statute were contained, thereby changing the offense charged from a felony to a misdemeanor. There was no waiver by defendant of bill for a misdemeanor. While amendments to process and pleading, under our procedure, in both civil and criminal causes, are liberally allowed (C. S., 547; C. S., 1500; Rule 12), this does not imply that the court has power to change the nature of the offense intended to be charged so as to charge a different offense in substance from that at first intended. *S. v. Vaughan,* 91 N. C., 532; *S. v. Crook,* 91 N. C., 536; *S. v. Norman,* 110 N. C., 484, 14 S. E., 968; *S. v. Wernwag,* 116 N. C., 1061, 21 S. E., 683; *S. v. Taylor,* 118 N. C., 1262, 24 S. E., 526; *S. v. Myrick,* 202 N. C., 688, 163 S. E., 803. "A warrant cannot be amended so as to charge a different offense." *S. v. Goff,* 205 N. C., 545 (550), 172 S. E., 407.

Neither of the cases cited by the State sustains the action of the court below in permitting the amendments objected to. In *S. v. Davis,* 111 N. C., 729, 16 S. E., 540, the warrant charged an offense cognizable both under a town ordinance and a State statute, and it was held permissible to try defendant for violation of the State law, and to treat the charge of violation of the town ordinance (alleged to be void) as surplusage. In *S. v. Poythress,* 174 N. C., 809 (1917), 93 S. E., 919, the warrant charged the defendant with engaging in the sale of spirituous liquors, with possession of such liquors for the purpose of sale, and with receipt at one time of more than one quart of whiskey. The name of the defendant did not appear in the affidavit but did appear in the warrant. Amendments were permitted in the Superior Court to add counts to the warrant charging sale to particular persons on certain dates. The same course was pursued in *S. v. Holt,* 195 N. C., 240, 141 S. E., 585.

In *S. v. Mills,* 181 N. C., 530, 106 S. E., 677, will be found citation of numerous cases relating to the power of the Superior Court to permit amendments of warrants. None of these cases, however, may be held to authorize the judge of the Superior Court to permit, over the objection of the defendant, an amendment to a warrant charging a felony so

as to change the offense to a misdemeanor, and put the defendant to trial without a bill of indictment, or waiver of bill for a misdemeanor.

The defendant's objection to the amending of the warrant as permitted in this case seems to have been well taken, and the court below was in error in ruling the defendant to trial without a bill of indictment duly found. The cause is remanded with directions that the verdict and judgment be set aside, and that upon the warrant issued the defendant be held under bond pending action by the grand jury, or until the case is disposed of according to law.

Error and remanded.