STATE v. LUCILE BOWEN BROWN.

(Filed 28 February, 1945.)

**1. Indictment § 15—**

The Superior Court, under G. S., 7-149, Rule 12, may allow, in its discretion, an amendment to a warrant both as to form and substance before or after verdict, provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant. A warrant, defective in both form and substance, may be sufficient to inform the defendant of the accusation against him.

**2. Carriers § 18b—**

In a prosecution against a colored passenger for a violation of G. S., 60-136, where the State's evidence tended to show that such passenger, when called upon by the driver of a common carrier bus, refused to move from a seat in the front to an unoccupied seat in the rear of the bus, to make room for white passengers, compelling the said driver to call upon officers of the law to remove her, there is sufficient evidence for the jury, and motion for nonsuit was properly denied.

**3. Criminal Law § 28a—**

Where there was no special plea, in a criminal prosecution, that shifted the burden upon the defendant to show anything to the satisfaction of the jury, the State must prove beyond a reasonable doubt every essential element of the crime charged, including intent; and there is error for the court to instruct the jury to bring in a verdict of not guilty, if it appears to their satisfaction from the evidence that the defendant acted in good faith.

**4. Carriers § 18b: Criminal Law § 28c—**

The refusal of a passenger on a street car, or other passenger vehicle, to move to another seat when requested to do so by the driver, when necessary to carry out the purpose of providing separate seats for white and colored passengers, constitutes *prima facie* evidence of an intent to violate the statute, but does not shift the burden of proof. While it is no longer necessary to show willfulness, under G. S., 60-136, the State must show beyond a reasonable doubt that the defendant intentionally violated the statute.

APPEAL by defendant from *Carr, J.,* at September Term, 1944, of MARTIN.

Criminal prosecution tried upon a warrant charging defendant with violating G. S., 60-136, which statute regulates the occupancy of seats by white and colored passengers in street cars or other passenger vehicles or motor buses.

The warrant upon which defendant was tried in the Recorder's Court of Martin County read as follows: "Lucile Bowen Brown did refuse, upon request of the driver in charge of Carolina Trailway Bus to move

to an unoccupied seat toward or in the rear of said bus, did use indecent language in said bus and did resist said bus driver in the performance of his duties as bus driver and as police officer. Did also resist an officer of the Town of Robersonville in the performance of his duties as such officer." The warrant as amended in the Superior Court read: "That the defendant, Lucile Bowen Brown, on the 14th day of July, 1944, being a colored passenger on a certain motor bus of the Carolina Trailways, did unlawfully and wilfully refuse to move to an unoccupied seat toward and in the rear of said bus, when requested so to do by the driver and person in charge of the bus, in order and when necessary to carry out the purpose of providing separate seats for white and colored passengers, contrary to the form of the Statute made and provided and against the peace and dignity of the State."

In the trial below the State offered evidence tending to show these facts: On 14 July, 1944, the defendant, a colored person, and her sister-in-law were passengers on a bus of the Carolina Trailways, operating from Williamston to Raleigh, N. C. When the bus reached Robersonville and the passengers had alighted, there were five vacant seats back of the defendant and her sister-in-law, towards the rear of the bus. There were only two vacant seats in front of the defendant, towards the front of the bus. There were five white passengers waiting to get on the bus. The driver requested the colored passengers to move to the rear of the bus. All the colored passengers moved back except the defendant, who refused to do so. The driver in charge of the bus requested an officer of the town of Robersonville to remove the defendant from the bus. The defendant refused to leave and resisted removal, whereupon the officer summoned help and she was evicted by force.

Verdict: Guilty. From judgment imposing a fine of twenty-five dollars, defendant appeals to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*P. H. Bell for defendant.*

DENNY, J. The defendant was convicted in the Recorder's Court of Martin County upon a warrant containing two counts. The first count charged a violation of G. S., 60-136, and the second resisting an officer. From judgment entered upon both counts, the defendant appealed to the Superior Court.

At the trial in the Superior Court, when the State rested, the defendant moved for judgment as of nonsuit. The motion was allowed as to the count for resisting arrest, but was denied as to the charge under G. S., 60-136. The defendant excepted. The defendant offered evidence

but did not go upon the stand herself. At the close of all the evidence, defendant renewed her motion for judgment as of nonsuit. The motion was denied and defendant again excepted.

After the motion for judgment as of nonsuit had been renewed and denied, the solicitor moved to amend the warrant to conform to the requirements of the statute. The motion was allowed and the defendant excepted.

The foregoing exceptions constitute the basis of appellant's first three assignments of error. The appellant contends that at the time the motion for judgment as of nonsuit was made the only criminal charge before the court was the count in the warrant charging the defendant with resisting an officer, and when the motion was allowed on that count there was no criminal charge pending against her. Consequently, the appellant contends, it was error to deny the motion for judgment as of nonsuit and thereafter allow the State to amend the warrant. We do not concur in this view.

It is well settled by this Court, that the power of the Superior Court to allow amendments to warrants is very comprehensive. *S. v. Wilson,* 221 N. C., 365, 20 S. E. (2d), 273; *S. v. Holt,* 195 N. C., 240, 135 S. E., 324; *S. v. Mills,* 181 N. C., 530, 106 S. E., 677; *S. v. Price,* 175 N. C., 804, 95 S. E., 478; *S. v. Smith,* 103 N. C., 410, 9 S. E., 200. A warrant cannot be amended so as to charge a different offense. *S. v. Clegg,* 214 N. C., 675, 200 S. E., 371; *S. v. Goff,* 205 N. C., 545, 177 S. E., 407. However, the Superior Court, under our statute, G. S., 7-149, Rule 12, may allow, within the discretion of the court, an amendment to a warrant both as to form and substance before or after verdict, provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant. *S. v. Mills, supra; S. v. Poythress,* 174 N. C., 809, 93 S. E., 919; *S. v. Telfair,* 130 N. C., 645, 40 S. E., 976; *S. v. Smith, supra.* A warrant may be defective in form and substance and yet contain sufficient information to inform the defendant of the accusation made against him. Such a warrant may be amended.

We think the evidence adduced by the State in the trial below was sufficient to carry the case to the jury and that the amendment to the warrant was properly allowed. Hence, these assignments of error cannot be sustained.

The fourth exception and assignment of error is to the following portion of his Honor's charge: "There has been some reference to a decision of the Supreme Court in which a similar situation existed and the colored person was requested to move back in order to make space to give seating space to oncoming white passengers and that she stated to the driver that she would not move back that she would get off the bus rather than move back, and that under those circumstances that our Supreme

STATE *v.* BROWN.

Court held that such conduct on the part of a colored passenger was not a willful violation of the statute. The court instructs you that the Supreme Court has so held in a similar case but that since· that time the statute has been slightly amended and the statute the court has read to you is a little different from the statute that was in effect at the time that opinion was handed down. However, the court instructs you in light of the decision which the court has just referred to, notwithstanding the amendment to the statute since that case was decided by the Supreme Court, that if it appears from the evidence to the satisfaction of the jury that the defendant in this case did in good faith offer to stand in the aisle in preference to moving as requested, if she offered that in good faith, then she would not be guilty of a willful refusal to comply with this statute."

We think this exception is well taken and must be sustained. There was no special plea on the part of the defendant that shifted the burden upon her to show anything to the satisfaction of the jury. The burden was upon the State to prove beyond a reasonable doubt every essential element of the crime charged, including the necessary intent. *S. v. Harris,* 223 N. C., 697, 28 S. E. (2d), 232. The fact that refusal of a passenger on a street car, or other passenger vehicle or motor bus, to move to another seat when requested to do so by the driver or person in charge thereof, when necessary in order to carry out the purpose of providing separate seats for white and colored passengers, constitutes *prima facie* evidence of an intent to violate the statute does not shift the burden of proof. And while C. S., 3537, as amended, now G. S., 60-136, does not require the State to prove willfulness, as was the case in *S. v. Harris,* 213 N. C., 758, 197 S. E., 594, the burden still rests upon the State to show beyond a reasonable doubt that the defendant intentionally violated the statute.

The foregoing assignment of error presents for our consideration the correctness of the charge as to the burden of proof only. The substances of the charge is not challenged. We deem it proper to state, however, that we do not approve it as an exact interpretation of the statute.

For the reasons stated, there must be a new trial, and it is so ordered.

New trial.