STATE v. JOHN PHILLIPS.

(Filed 19 December, 1947.)

**1. False Pretense § 2—**

A warrant charging defendant with obtaining a money advance under promise to do certain work, and with failure to perform the work, without alleging that the advances were obtained with intent to cheat or defraud, is fatally defective. G. S., 14-104.

**2. Criminal Law § 56—**

Where the warrant upon which defendant is tried is fatally defective, motion in arrest of judgment will be allowed even though interposed for the first time in the Supreme Court on appeal.

APPEAL by defendant from *Bone, J.,* at July Term, 1947, of DURHAM.

Criminal prosecution on warrant charging the defendant with unlawfully obtaining $27.81, as money advanced, "under promise to do certain work for Robert Dunn and did then and there fail and refuse to do the work or any part of it with the exception of one day's work."

The case was tried in the Recorder's Court and *de novo* on defendant's appeal to the Superior Court.

Verdict: "Guilty as charged in the warrant."

Judgment: Thirty days on the roads.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Grover Lee for defendant.*

STACY, C. J. Upon the call of the case here the defendant lodged a motion in arrest of judgment for that it is not alleged the defendant

obtained the advances "with intent to cheat or defraud." G. S., 14-104. The defect is fatal, and it appears on the face of the record. *S. v. Foster, ante,* 72; *S. v. Norman,* 110 N. C., 484, 14 S. E., 968. The warrant charges no offense.

The motion is well interposed and must be allowed. *S. v. Morgan,* 226 N. C., 414, 38 S. E. (2d), 166.

Judgment arrested.