Daniel, Judge.
The Statute (1 Rev. Stat. ch. 34, sec. 81,) declares that “ if any person shall retail spirituous liquors by the small measure,' in any other manner than is permitted by law, such person or persons so offending shall be subject to indictment, and upon conviction shall be fined at the discretion of the Court a sum not less than five dollars for each and every offence.” In an indictment for an offence, it is not sufficient to charge the defendant generally with having committed it, but all the facts, and circumstances constituting the offence must be specially set forth, every necessary ingredient in the offence must be set forth. In an indictment for extortion charging that the defendant took extorsively for every horse so much, and for every twenty sheep so much, was holden bad, because it charged the defendant with extortion generally, and not upon any particular person. Rex v. Roberts, 4 Mad. 103. So when a constable was indicted for behaving badly and negligently in the execution of his office without specifying any particular instance of negligence. Rex v. Witherington, 1 Stra. 2. The only exception to this rule are indictments against a common barrator, a common scold, for keeping a common gambling house, or bawdy house, without stating those circumstances which it may be necessary to give in evidence to show that it is a house of that description. The facts and circumstances which make up the body of the offence, should be stated, that the defendant may determine the species of of-fence they constitute, in order'that he may prepare his de-fence accordingly — that he be enabled to plead a conviction or acquittal upon this indictment. Archb. C. Prac. 41, 42. It seems to us that the statute on which the defendant was indicted, constitutes each and every act of unlawful retailing a distinct offence. The indictment charges that the defendant “ did sell and retail spirituous liquors” — but the vendee *109 or vendees are not named ; nor does it state that they are persons unknown. This way of charging the offence seems to us according to the above authorities to be too general. Certainty.to a certain extent in general, is always required in framing indictments. Co. Litt. 303, & Rex v. Long, 5 Co. 121, a. Archb. C. Prac. 43. On this indictment the defendant could not well know how to defend himself. He might have been surprised on the trial by testimony on behalf of the State, which if the charge had been more particular and had stated the name of the vendee of the spirituous liquors, he could have repelled by other evidence, State v. Blythe, Ante, vol. 1, 199.
The judgment we think must be reversed.
T hr Curiam. Judgment reversed.