Battue, J.
 

 The case of
 
 The
 
 State v.
 
 Ives,
 
 13 Ire., 338, cited by the defendant’s counsel to show that the second count of the indictment is had, is in point for that purpose. In sueh a count there must' be an averment of tbe person from wbom tbe-stolen- goods were received.
 

 But notwithstanding the validity of this objection, we are unable to see any- error on the record which entitles the -defendant to an «arrest of the judgment. The first count of
 
 *53
 
 the indictment is good, and that is sufficient.
 
 State
 
 v.
 
 Miller,
 
 7 Ire., 215.
 
 State
 
 v,
 
 McCauless,
 
 9 Ire., 375.
 
 State v. Williams,
 
 9 Ire., 140. The defendant’s counsel admit the propriety of this, as a general rule, but contend that the present case is an exception ; because on the trial they requested the Judge to instruct the jury that no verdict could be rendered on the second count, and he omitted to do so. But how does this
 
 appear?
 
 Certainly only by the hill of exceptions, and a motion in arrest of the judgment must be founded on some error apparent on the record proper.
 

 The other objections urged by the counsel are for alleged errors that do appear on the record, and we will proceed to consider and dispose of them.
 

 1. It is said that the two counts are inconsistent, and, that though they may, by force of a statute, be joined in the same indictment, yet a general verdict of guilty will’be repugnant and void, and no judgment can be rendered on it.
 

 The answer is, that one of the counts is bad, and the verdict and judgment may well be supported on the. other. See
 
 State
 
 v.
 
 Williams,
 
 supra.
 

 2. It is urged that as the two counts are permitted to be joined in the same bill of indictment, by statute, each ought to conclude
 
 against the form of the statute.
 
 The first count is for a larceny, which is an offence at common law, and we cannot understand how it can be made a statutable offence merely because the statute has changed the practice by allowing a cognate offence to be joined in the same bill-with it.
 

 3. It is objected to the first count that the articles stolen ought to have been charged to have been “ of the goods and ■chattels” of the owner., instead of being his “property.” Supposing this to have been a good objection at common law, (which we'"do not admit) it would certainly be cured by our act of Assembly, which declares that no judgment shall be stayed by reason of informality or refinement, if in ■ the bill -of indictment' “ sufficient.matter appears to enable
 
 *54
 
 the court to proceed to a judgment. Rev. Code,’ ch. 35. &. 14. An attempt to distinguish between the expression® “of the goods and chattels” of a person, and “the property” of' that person, is too much of a refinement impractical use.
 

 It must be certified that there is no error in the record.
 

 Per, Curiam. Ordered to be certified Accordingly.