Battle, J.
 

 The indictment in this case is framed in pursuance of the provision in the Rev. Code, ch. 35, sec. 23, which declares that a defendant “ may be charged in the same indictment in several counts, with the separate offences of unlawfully trading with slaves, receiving goods, knowing them to be stolen, and larceny.”
 

 • It is unnecessary to decide whether his Honor’s instructions to the jury, that they might find the defendant guilty generally upon all the counts, or guilty upon one or two of them and not guilty upon the other or others, or not guilty upon all, were true or not, because the verdict was guilty upon the first and third counts, and not guilty upon the second, and the first is manifestly bad. There being one good count it is sufficient to support the judgment which was pronounced, it being such as the court had a right to give upon it. In
 
 State
 
 v.
 
 Miller,
 
 7 Ire., 375, referred to and relied upon by the defendant’s counsel, both counts were good, and an error was committed in the instructions given by the court with reference to the < more aggravated of the two. This was held to be a sufficient cause for awarding a
 
 venire de novo,
 
 because a higher fine may have been imposed on account of the conviction on the count with regard to which the erroneous instruction was given. But
 
 *222
 
 in that very case the court said: “ It is true, when one count in an indictment is defective and another count is good, and there is a general verdict, a motion in arrest cannot be sustained, for the good count warrants the judgment; and, although the punishment is
 
 discretionary,
 
 the judgment is presumed to have been given upon the good count.” The case before us is precisely similar in principle. The second count is put out of the way by the finding of the jury that the defendant is not guilty thereon, and then ■ the verdict upon the other two counts is in effect a general verdict of guilty. The former of these two is bad, because the article mentioned in it is not one of those the trading for which was prohibited by the 85th section of the 84th chapter of the Revised Code, and the judgment is such an one as the court had a right to render on the latter count, and must therefore be presumed to have given upon it. See also
 
 State
 
 v.
 
 Williams,
 
 9 Ire., 140.
 

 Per Curiam. There is no error.