State *v.* Blakesley.

# SUPREME COURT OF ERRORS.

## FAIRFIELD COUNTY.

### OCTOBER TERM, 1871.

Present,

BUTLER, C. J., PARK, CARPENTER, FOSTER AND GRANGER, JS.

---

### THE STATE *vs.* MARGARET BLAKESLEY.

In order to sustain an information for a violation of the statute against keeping a house of ill-fame, (tit. 12, ch. 7, sec. 134,) it is necessary for the prosecution to prove that the general reputation of the house is that of a bawdy house, and that it is such in fact.

Therefore, where on the trial of such an information the court charged the jury, that in order to convict it was necessary for the state to show that the accused kept a house reputed to be a house of ill-fame, resorted to for the purposes of prostitution or lewdness, it was held that the fair interpretation of the charge was, that if the jury were satisfied that the house was *reputed* to be a house of ill-fame, and was *reputed* to be a house resorted to for the purposes of prostitution or lewdness, it was their duty to render a verdict of guilty, and that, so understood, the charge was erroneous.

INFORMATION for keeping a house of ill-fame; brought to the City Court of Bridgeport, appealed to the Superior Court, and tried before *Minor, J.*

On the trial the state offered evidence to prove that the accused kept a house reputed to be a house of ill-fame, resorted to for the purposes of prostitution or lewdness, to which evidence no objection was then or at any time during the trial made by the accused. The state further offered evidence to prove that such house was in point of fact a house of ill-fame, resorted to for the purposes of prostitution or lewdness.

The state claimed that it was only necessary to prove that the accused kept a house reputed to be a house of ill-fame, resorted to for the purposes of prostitution or lewdness, to warrant the conviction of the accused, and that the state had proven more than was required of them, viz., that the accused had, in point of fact, kept a house of ill-fame, resorted to for the purposes of prostitution or lewdness.

The counsel for the accused, neither during his argument nor at any other time during the trial, made any claim other or differing from, or inconsistent with, the aforesaid claims of the state, nor made any request to the court, written or verbal, with reference to these claims of the state, and did not at any time claim that the law was not in all respects as claimed by the state.

The court charged the jury, that in order to convict it was necessary for the state to show that the accused kept a house reputed to be a house of ill-fame, resorted to for the purposes of prostitution or lewdness, and added that if the jury believed the testimony, the state had proven as a fact that the accused kept such house of ill-fame.

The jury rendered a verdict of guilty, and the prisoner moved for a new trial for error in the charge of the court.

*Sanford* and *M. W. Seymour*, in support of the motion.

*White*, State Attorney, and *Seeley*, contra.

CARPENTER, J. The statute on which this information is founded, page 266, section 134, provides that "every person who shall keep a house of ill-fame, resorted to for the purposes of prostitution or lewdness, or who shall reside in, or frequent such house, for the purposes aforesaid, shall be punished, &c." This statute received a judicial construction in the case of *Cadwell* v. *The State*, 17 Conn., 467. It was there held that to support an information for a violation of the statute, it was necessary for the prosecution to prove, first, that the general reputation of the house was that of a bawdy house, and second, that it was such in fact.

In the present case the judge charged the jury, "that to convict on the first count, it was necessary for the state to show that the accused kept a house *reputed* to be a house of ill-fame, resorted to for the purposes of prostitution or lewdness." If the judge intended by this to charge the jury, that in addition to the reputation of the house, it was necessary to prove that it was in fact resorted to for the purposes of prostitution or lewdness, and we could be satisfied that the jury so understood it, we should have no difficulty in sustaining the charge, and refusing a new trial. But we are inclined to think that the fair interpretation of the charge is, and that the jury must have so understood it, that if they were satisfied that the house was *reputed* to be a house of ill-fame, and was *reputed* to be a house resorted to for the purposes of prostitution or lewdness, it was their duty to return a verdict of guilty. If this is a correct view the charge is not only not supported by *Cadwell* v. *The State*, but is contrary to the plain provisions of the statute.

The language used will certainly admit of that construction, and it is more than probable that the jury so understood it. Thus the jury were, or might have been, misled, and induced to believe that it was their duty to convict on proof of reputation alone, without reference to the question of fact, and that entitles the defendant to a new trial.

In this opinion the other judges concurred.