[No. 10,739.—In Bank.]

Sept. 15, 1882.

## THE PEOPLE *v.* LOCK WING ET AL.

VENUE.—There was sufficient evidence in support of the venue.

EVIDENCE AS TO CHARACTER OF HOUSE.—The character of a house is matter of fact and not of opinion, and evidence with regard to it is competent.

RES GESTÆ.—On a trial for an assault, a witness was permitted to testify that the wounded man pointed at the defendant, who was about twenty feet off, and told the witness to arrest him, and that thereupon the defendant immediately ran away. *Held:* The evidence was admissible.

APPEAL from a judgment of conviction, and from an order

denying a new trial in the Superior Court of the County of Alameda. GREENE, J.

*A. A. Moore*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

The COURT:

The defendants were convicted, in the Superior Court of Alameda County, of an assault with intent to commit murder, and on this appeal they rely upon three grounds for the reversal of the judgment.

1. It is claimed that there was no proof that the crime was committed in the County of Alameda. There was sufficient evidence in support of the venue, and it satisfactorily appears that the act was committed in Alameda County. (*People* v. *Manning*, 48 Cal. 338.)

2. In the next place, it is urged that the Court erred in denying defendants' motion to strike out the evidence of the witness, Ross, respecting the character of the house in which the difficulty occurred. The matter to which Ross testified was a *fact*, and not an *opinion*, and it was competent evidence in the case.

3. The third point is that it was error to permit the witness, Shoon, to testify to an occurrence which was immediately followed by the flight of the defendant, Lock Ah Wing. The evidence is, that the wounded men pointed at the defendant, and told the witness to arrest him. Defendant was about twenty feet off, and may not have heard what the wounded men said to the witness; but it clearly appears that they pointed at the defendant when he was only twenty feet distant, and thereupon the defendant immediately ran away. This was sufficient to justify the admission of the evidence concerning the defendant's flight.

These are the only points relied upon in defendants' brief, and in our opinion neither of them is well taken.

Judgment and order affirmed.