STATE v. D. W. DOWDY.

(Filed 10 October, 1907).

1. **Indictment — Sufficiency — Sale of Liquor — Person and Persons Unknown—Prohibited Territory—General Verdict.**
   While, under an indictment for unlawfully selling spirituous liquor in prohibited territory, the name of the person to whom the sale was made should have been given, to the end that the defendant should have had reasonable opportunity to prepare his defense and, on conviction, may be protected from a second prosecution for the same conduct, yet, when two counts on the bill of indictment allege "an unlawful sale to person or persons to jurors unknown," it is sufficient to support the general verdict of guilty, though coupled with a third count which may be defective.

2. **Same—Evidence—Certificate an Official Record—Revisal, secs. 1616-1617.**
   Upon the trial under an indictment for unlawfully selling spirituous liquor in prohibited territory, it is competent as evidence to introduce a writing, under the hand and seal of the Collector of Internal Revenue, showing the current list of tax-

payers for such sale covering the time in question, including the name of the defendant as a "retail malt liquor dealer," the date of payment of tax and issue of certificate, in accordance with the amendment of the Revised Statutes of the United States, sec. 3240, ch. 3, making the matter thus certified an official record, and, as such, it is competent evidence by express provisions of Revisal, secs. 1616-1617.

3. **Same—Trial for Crime—Certificate of Public Records—Confront Accusers—Constitutional Rights.**

While the Constitution gives to the accused the right to confront his accusers, such does not apply when the facts, from their very nature, can only be proved by a duly authenticated copy of a record. When the entries constitute official records, and a copy and its admission as evidence are expressly provided by statute, the rules of the Department of Internal Revenue making it impossible that oral testimony speaking to the facts recited should be obtained, the copies thus provided for are competent as evidence and are exceptions to the constitutional provisions.

4. **Same—Rules of Evidence—Legislature—Constitutional Powers.**

Revisal, sec. 2060, making the possession of, or issuance to any person, a license to sell spirituous liquors, etc., *prima facie* evidence of guilt, is a constitutional and valid exercise of the power of the Legislature to change the rule of evidence and make certain facts *prima facie* evidence of guilt, when the same are relevant to the inquiry and tend to prove the fact in issue.

5. **Same—Excessive Punishment.**

A sentence of two years' imprisonment in the county jail is not excessive when the defendant has, in deliberate violation of law and with the evident purpose to persist in it, sold spirituous liquors in prohibited territory.

INDICTMENT for unlawfully selling spirituous liquors, tried before *Neal, J.*, and a jury, at February Term, 1907, of the Superior Court of CRAVEN County.

Defendant was convicted and sentenced to two years' imprisonment in the county jail, and thereupon excepted and appealed.

*Assistant Attorney-General Clement* and *D. L. Ward* for the State.

*Henry R. Bryan* and *W. D. McIver* for defendant.

145—28

HOKE, J.   The various questions raised by the exceptions have been heretofore resolved against the defendant, and we find no error which entitles him to a new trial.   Objection is made that the bill of indictment is not sufficiently definite and specific, in that it does not give the name of the person or persons to whom the alleged unlawful sale was made.

There are three counts in the bill—the first two charging an unlawful sale to a person or persons to jurors unknown, and the third charging that defendant was unlawfully carrying on the business of selling spirituous liquors in prohibited territory.   It may be that, under section 3529 of The Code, the third count could be sustained for some of the unlawful conduct forbidden by that section; but, without passing upon that question, we think the first two counts are undoubtedly good, alleging an unlawful sale to person or persons to jurors unknown.   This kind of allegation should only be resorted to from necessity and when the facts justify such a method of statement; and it seems from the authorities that when the charge is made in this way it should be proved as laid.   *State v. Trice,* 88 N. C., 630; Archbald's Criminal Practice and Pleading, p. 124.   It is important always, and required when possible, that, in cases where each forbidden act constitutes a separate offense, the name of the person to whom the sale is made should be given, to the end that the defendant should have reasonable opportunity to prepare such defense as he may have, and that the bill, on conviction, may protect him from a second prosecution for the same conduct.   *State v. Faucett,* 20 N. C., 107; *State v. Stamey,* 71 N. C., 202; *State v. Tisdale,* at this term.   As a matter of form, however, the first two counts in the present bill are sufficient and have been frequently upheld.   *State v. Faucett, supra;* Chitty Criminal Law, Vol. I, marginal notes, pp. 212, 213.   The two first counts, then, in the present bill being good, and there being evidence tending to sustain them, on general verdict of guilty the conviction would be upheld on the good counts, even

though the third should be defective. *State v. Sheppard,* 142 N. C., 586; *State v. Toole,* 106 N. C., 736.

The defendant further excepts because the Court admitted on the trial as incriminating evidence a written paper, under the hand and official seal of E. C. Duncan, Collector of Internal Revenue, in terms as follows:

*"Current List of Special Taxpayers in Craven County, N. C., as of Record November 7, 1906.*—Lee & Dowdy, retail malt liquor dealers, New Bern, from September 1, 1906. Tax, $20.83. Date of payment and issue of certificate, September 30, 1906. Serial number stamp, 222. 104 Queen Street. The firm consisting of N. G. Lee and D. W. Dowdy. Witness my hand and official seal, etc.

"E. C. DUNCAN, <em>Collector.</em>   [Seal.]."

The objection being, first, that it does not certify that a license was issued to sell spirituous liquors. Second, was it such a copy or extract from the record of any public office as should be received in evidence under the law? It is held with us that the term "spirituous liquors" includes malt liquors as well. *State v. Giersch,* 98 N. C., 720. And, while the paper does not state in exact words that a license issued, we think that such a statement is, by fair intendment, the necessary import of the words used, and as such making a copy receivable in evidence under the law. The Federal statute addressed to this question provides as follows: "That chapter 3 of the Revised Statutes of the United States be and hereby is amended in section 3240 so as to read: 'Sec. 3240. Each Collector of Internal Revenue shall, under regulations of the Commissioner of Internal Revenue, place and keep conspicuously in his office, for public inspection, an alphabetical list of the names of all persons who shall have paid special taxes within his district, and shall state thereon the time, place and business for which such special taxes have been paid; and upon application of any prosecuting officer of

any State, county or municipality, he shall furnish a certified copy thereof, as of a public record, for which a fee of one dollar for each one hundred words, or fraction thereof, in the copy or copies so requested may be charged.    Approved June 21, 1906.' "    This statute makes the matter certified to an official record of the office, for the purpose of the certificate, and as such the copy, properly certified, is made competent evidence by the express provisions of our own statutes on the subject.    Revisal, secs. 1616, 1617.

It is strongly urged, however, that the admission of this paper violates the constitutional right of the defendant, that on a trial for crime he should have opportunity to confront his accusers and the witnesses offered to sustain the charge. This right, of such supreme importance to the citizen, so essential to any proper and impartial administration of justice, should appeal most impressively to the courts of this State, for North Carolina declined to adopt the Federal Constitution until the amendment by which it was guaranteed had been formulated by the Federal Congress and its adoption practically assured.    It has, too, a prominent place in our own Bill of Rights, and this Court would never uphold or countenance any legislation or procedure by which it was destroyed or substantially impaired.    The right, however, does not mean that never under any circumstances shall a criminal charge be prosecuted except by the presence of living witnesses.    At the time of the adoption of our Constitution the principle was subject to several well-recognized exceptions, as the testimony of a witness examined at a former trial and since deceased, dying declarations under certain circumstances, official certificates and the like.    Says Mr. Greenleaf (Vol. I, 163) : "The constitutional clause purported merely to adopt the general principle of the hearsay rule, that there must be confrontation, but it did not purport to enumerate all the exceptions and limitations to that principle.    There were then a number of well-established excep-

tions, and there might be others in the future. The Constitution endorsed the general principle, subject to these exceptions, merely naming and describing it sufficiently to indicate the principle intended." And, in approval of these exceptions as to official records, *Mr. Justice Avery,* in the case of *State v. Behrman,* 114 N. C., 804, says: "When facts, from their very nature, can only be proven by a record, or a duly authenticated copy of a record, proof of them does not fall within the constitutional inhibition, since the genuineness of the original was determined by inspection, and of the copies by an examination of the certificates; and the right to confront accusers was intended to be secured to the accused, not under all circumstances, but only where it would bring with it the benefit of testing the truth of testimony by meeting a prosecuting witness face to face and subjecting him to cross-examination." And to like effect is *Reives v. State,* 47 Tenn., 96. The case before us comes, we think, clearly within the principle established by this exception. It was shown that the Department of Internal Revenue has prohibited its officers from giving oral testimony of the contents of public records in its office. This was no doubt found necessary for the proper and efficient administration of the business of the department, and in any event the Executive Department is made the conclusive judge of whether the order should be made, and it has been directly upheld and approved as a valid and binding regulation by the United States Supreme Court in *Boske v. Comingore,* 177 U. S., 459, the doctrine being there laid down as follows: "The regulation adopted by the Secretary of the Treasury was authorized by section 161 of the Revised Statutes, and that section was consistent with the Constitution of the United States. To invest the Secretary with authority to prescribe regulations not inconsistent with law for the conduct of the business of his department, and to provide for the custody, use and preservation of records, papers and property appertaining to it, was a means

STATE *v.* DOWDY.

appropriate and plainly adapted to the successful administration of the affairs of his department; and it was competent for him to forbid his subordinates to allow the use of official papers in their custody, except for the purpose of aiding the collection of the revenues of the United States." It was, no doubt, on account of this ruling, and in recognition of its fitness, that Congress enacted the statute above referred to, providing that copies of the records might be furnished prosecuting officers.

The entries, then, having been constituted official records, and a copy and its admission as evidence expressly provided for by statute, and the rules of the department making it impossible that oral testimony, speaking directly to the facts recited, should be obtained, the case, we think, comes clearly within the principle established by the recognized exceptions to the constitutional provision, and the copy was properly received in evidence.

It is further assigned for error that the Court charged the jury as follows: "The Court charged the jury that the possession of or issuance to any person of a license to manufacture, rectify or sell, at wholesale or retail, spirituous liquors by the United States Government or any officer thereof in any county, city or town where the manufacture, sale or rectification of spirituous or malt liquors is forbidden by the laws of this State, constituted *prima facie* evidence that the person having such license, and issued as before stated, was guilty of doing the act permitted by the said license, in violation of the laws of the State; and if you find from the evidence, beyond a reasonable doubt, that the defendant had license to carry on the business of retail liquor dealer in the city of New Bern, it being admitted that said city is incorporated, where the sale of liquor is prohibited by law, this would be *prima facie* evidence of his guilt; but unless you find from all the evidence that he is guilty beyond a reasonable doubt, then you ought to acquit him." Defendant admits that the charge

is in accord with our statute on the subject (Revisal, sec. 2060), but contends that the statute is unconstitutional. We have so recently discussed and decided this question, in *State v. Barrett,* 138 N. C., 630, that we do not feel it necessary to do more than refer to that decision. In *Barrett's case* we held that the Legislature had the constitutional power to change the rules of evidence, and to declare that certain facts and conditions, when shown, shall constitute *prima facie* evidence of guilt, the limitation being that the facts and conditions should be relevant to the inquiry and tend to prove the fact in issue; and the case, we think, comes clearly within the principle, and the objection must be overruled.

Again, it is contended that the judgment should be set aside because the punishment is excessive; but we do not assent to the position. And here, too, the authorities are against the defendant. *State v. Farrington,* 141 N. C., 844; *State v. Miller,* 94 N. C., 904. Without expressing an opinion on the question of prohibition, the people of New Bern have adopted this as the law by which they are to be governed, and they are entitled to have the law enforced. This is not an exceptional instance of lawbreaking which can be dealt with in leniency or by an ordinary sentence; but the evidence tends to establish a willful and deliberate violation of law on the part of the defendant, with an evident purpose to persist in it, and presents a case where a light or even an ordinary sentence would be inefficient and entirely out of place.

There is no error, and the judgment below is affirmed.

No Error.