STATE v. E. L. AVERY.

(Filed 28 May, 1912.)

**Intoxicating Liquors—Unlawful Sales—Indictment—Several Counts —General Verdict—Appeal and Error.**

> The defendant was convicted under a general verdict of guilty upon an indictment charging these counts: (1) of unlawfully engaging in the business of retail liquor dealer; (2) of selling the liquor by the small measure: (3) for selling it for gain; and having moved to quash the bill of indictment and in arrest of judgment, he renewed his motion on appeal: *Held,* the motion to quash because of the general verdict should be denied.

APPEAL by defendant from *Justice, J.,* at the October Term, 1912, of LENOIR.

The defendant was convicted upon an indictment containing three counts. The first count charges that the defendant "did unlawfully and willfully engage in the business of a retail liquor dealer"; the second, that he "did sell and retail to a person or persons unknown a quantity of spirituous liquors by the small measure, to wit, by a measure less than a quart, without having a license from the State of North Carolina to so sell"; and the third, that he "did unlawfully and willfully sell spirituous and intoxicating liquors to a person or persons, to the jurors unknown, for gain."

The defendant moved to quash the bill of indictment, and in arrest of judgment, and excepted to the denial of each motion, and these motions are renewed in this Court.

There was a verdict of guilty, and from the judgment pronounced thereon the defendant appealed.

*Attorney-General Bickett and Assistant Attorney-General T. H. Calvert for the State.*

*T. C. Wooten and Murray Allen for defendant.*

PER CURIAM. The form of the third count in the indictment is approved in *S. v. Dowdy,* 145 N. C., 434, and a general verdict, as in this case, upon an indictment containing several counts, will be sustained if one is good. *S. v. Tisdale,* 61 N. C.,

220; *S. v. Holder,* 133 N. C., 710; *S. v. Dowdy,* 145 N. C., 432. The motions to quash the indictment and in arrest of judgment were, therefore, properly overruled.

There are several exceptions in the record to rulings upon evidence, and to parts of his Honor's charge, but as there are no assignments of error, they cannot be considered.

No error.