C. L. AND W. F. HINTON v. LAKE DRUMMOND CANAL COMPANY.

(Filed 16 September, 1914.)

1. Canals—Water and Water-courses—Bridges—Maintenance—Convenience—Title—Damages—Trials—Evidence.

"Turner's Cut" was dug by the predecessor of the defendant from the mouth of its canal to a point on the Pasquotank River to avoid going through "Moccasin Tract" with boats, and thus saving some distance in their travel. When the defendant purchased the property of its predecessor, the Dismal Swamp Canal Company, there was a bridge over "Turner's Cut," which it maintained and erected a phone station to notify boats and rafts

going through the "cut." In cutting down expenses, the defendant did away with the phone station and ceased to maintain the bridge. The plaintiffs seek to compel the defendant to maintain this bridge for the benefit of their toll road, and by amendment of the pleadings to recover damages for the defendant's failure to maintain it. *Held*, it was competent for the defendant to prove that it had never acquired or claimed title to the lands through which "Turner's Cut" had been dug; that the United States Government had taken over and controlled the "cut" as a part of its public waterways, appropriating large sums of money for its maintenance; and that the defendant had previously maintained the bridge only for its own convenience; and *Further held*, that upon the facts established, there was no liability upon the defendants.

2. **Deeds and Conveyances—Defective Probate—Title.**

It is held in this case that the objection to the validity of probate of a deed under which the plaintiff claims title to the land in dispute is immaterial, the plaintiff having shown a connected chain of title through another deed, which was properly probated.

WALKER and HOKE, JJ., dissenting.

APPEAL by plaintiffs and defendant from *Ferguson, J.,* at March Term, 1914, of CAMDEN.

*Ward & Thompson for plaintiffs.*
*Aydlett & Simpson for defendant.*

CLARK, C. J. This is an action to compel the defendant to maintain a drawbridge across "Turner's Cut." This was refused, and the plaintiffs appealed. The court held that the plaintiffs were entitled to recover damages for the discontinuance of the bridge, and might amend their complaint to so allege, and might submit an issue as to the amount, and the defendant appealed.

Before "Turner's Cut" was dug, boats went through what was known as the Moccasin Tract, which is a part of Pasquotank River. The canal company, the Dismal Swamp Canal Company, which was the predecessor of the defendant in title, thereupon cut "Turner's Cut" from the mouth of their canal to a point

on the Pasquotank River, which avoided going through the Moccasin Tract part of that river, thus making the route 4 miles shorter.

It was in evidence that some thirty years ago the superintendent of the Dismal Swamp Canal Company disclaimed on the part of his company the ownership of "Turner's Cut" and permitted the Government to take it over, which was done. The Government widened and deepened it as a part of Pasquotank River presumably, spending over $150,000 in doing so, and permitted its free use by the public.

The defendant contends that when it purchased the property of the Dismal Swamp Canal Company, 30 July, 1892, it did not purchase "Turner's Cut." The defendant has never set up any claim to "Turner's Cut," has never collected any toll for its use nor spent any money on its repair nor maintained it in any way.

There was a bridge across "Turner's Cut" when the defendant purchased the Dismal Swamp Canal. The defendant has maintained this bridge and a phone station to notify boats and rafts passing through the "cut." After the United States Government had purchased the Albemarle and Chesapeake Canal, which was a competitor of this canal, the defendant in reducing expenses did away with the phone station and ceased to maintain this bridge. The plaintiffs then instituted this suit to compel the defendant to maintain the bridge for the benefit of their toll road.

It was competent for the defendant's witness to testify that the defendant had never claimed any right, title, or interest in "Turner's Cut" nor any part thereof, and that the Government had appropriated large sums for its maintenance and permitted its free use by the public.

It was also competent for the witness to testify that when the defendant purchased the Dismal Swamp Canal property that this bridge was over Turner's Cut, and that the defendant continued to maintain the bridge merely as a matter of convenience and without assuming any obligation.

The records of the United States Government were duly certified as required by Pell's Rev., sec. 1617; *S. v. Dowdy,* 145 N. C., 432; *S. v. R. R.,* 141 N. C., 854. These excerpts from the records of the War Department show that the United States Government had taken over, as part of the public waters of the United States, the section called "Turner's Cut"; that it was appropriating large sums of money for its maintenance, and that the defendant had not managed or controlled this cut nor claimed to own it.

We find no error in the refusal of the mandatory injunction to compel the defendant to keep up and maintain the bridge.

The defendant objected to the introduction of the deed from Newton and Ellis, trustees, to the Dismal Swamp Canal Company, of 15 January, 1880, on the ground that the probate was not sufficient, and therefore that it was not properly registered.

It is unnecessary to consider this proposition, because if the probate of this deed was insufficient to pass the title, the deed of the said company to Thom and Bain, 1 July, 1882, was properly probated and recorded, and from them there is a complete title by mesne conveyances to the defendant.

The court having properly held that the plaintiff was not entitled to a mandamus to compel the defendant to maintain a bridge across "Turner's Cut," because it did not have title thereto, and that the United States is maintaining said cut as a part of the navigable waters of the State, it follows that the plaintiffs are not entitled to an issue as to the damages it has sustained by reason of the defendant not maintaining said bridge.

While the Dismal Swamp Canal Company, predecessor in title of the defendant, cut the waterway known as "Turner's Cut," it was not a part of the property which it held under its franchise, but was merely an adjunct or convenience which it operated. The title to said "Turner's Cut" was not a part of the franchise and did not pass by the defendant's purchase. The United States Government subsequently took it over and for thirty years has been expending money upon it as a part of the navigable waters of the State, and the defendant has not been charging toll or exercising control over it.

There is no obligation, express or implied, requiring the defendant to maintain the bridge, which it has done heretofore voluntarily and as a matter of convenience, and it was error to adjudge that the plaintiff was entitled to recover damages and to authorize the amendment to the complaint to the end that an issue as to such damages should be submitted to the jury.

In plaintiffs' appeal,                                     No error.

In defendant's appeal,                                     Reversed.

WALKER and HOKE, JJ., dissent.