## STATE v. TONY LITTLE.

(Filed 3 May, 1916.)

**1. Intoxicating Liquors—Statutes—Constitutional Law.**

Chapter 97, Laws 1915, sec. 1, prohibiting the transportation of intoxicating liquors into North Carolina, except as therein stated, in connection with the Webb-Kenyon Law, is a constitutional and valid enactment.

**2. Indictment—Intoxicating Liquors—Persons Unknown.**

A charge in a bill of indictment for violating chapter 97, sec. 1, Laws 1915, that the defendant brought into the State intoxicating liquors in a quantity or quantities greater than one quart, etc., "for the purpose of delivery to persons whose names are to the jurors unknown" is not rendered insufficient because the names of the persons to whom liquor was charged to have been delivered were unknown to the jurors or not specified in the bill.

**3. Intoxicating Liquors—Statutes—Two Offenses—Indictment—Conviction.**

Chapter 97, Laws 1915, sec. 1, creates two offenses: the carrying or transporting into the State for any person, etc., more than one quart of spirituous liquor, in one package or at one and the same time, and transporting any quantity where the liquor for such person is contained in more than one receptacle; and for a conviction of both of these offenses it is necessary that each one be charged in the indictment.

**4. Intoxicating Liquors—Statutes—Indictment—Evidence—Verdict, Directing —Courts.**

Where a person is charged with violating chapter 97, sec. 1, Laws 1915, in carrying into this State spirituous liquor for delivery to others in quantities greater than one quart, and it is shown that he had bought four quarts of whiskey in South Carolina, and brought them into this State, one quart for himself and one quart each for the other parties: *Held,* the offense charged in the bill is not proven, and the trial court should direct a verdict of not guilty.

CLARK, C. J., dissenting.

INDICTMENT for unlawfully bringing whiskey into the State contrary to certain sections of the statute, chapter 97, Public Laws 1915, tried · before *Justice, J.,* and a jury, at January Term, 1916, of ANSON.

The bill of indictment is as follows: "The jurors for the State, upon their oaths, present that Tony Little, late of the county of Anson, on the 9th day of October, in the year of our Lord 1915, with force and arms, at and in the county aforesaid, did willfully and unlawfully transport

from Florence, South Carolina, and bring into the State of North Carolina, certain spirituous or vinous liquor in a quantity or quantities greater than one quart, the said liquor or a part thereof being for the purpose of delivery to persons whose names are unknown to the jurors, against the form of the statute in such cases made and provided and against the peace and dignity of the State."

On the trial the jury rendered the following special verdict: "The jury impaneled in this cause find the following to be the facts in this case: On the .... day of November, 1915, the defendant, in Florence, S. C., purchased four quarts of whiskey, one quart of this being for himself and one quart for each of the following persons: B. F. Gulledge, Jr., Mallie Gulledge, and George Gaddy. He got upon the train in Florence, S. C., and came to Wadesboro, Anson County, N. C., with the whiskey, intending to use one quart for himself and deliver one quart to each of the three persons above named, who resided in Anson County. If upon these facts the court is of opinion that the defendant is guilty, we return 'Guilty' to be our verdict; if the court is of the opinion that upon these facts the defendant is not guilty, we return as our verdict 'Not guilty.' "

"The court being of opinion, under the special verdict in this case, that the defendant is guilty under the law, the verdict of guilty is entered."

Judgment on the verdict, and defendant excepted and appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*James A. Lockhart for defendant:*

HOKE, J. The validity of the act of Congress, commonly known as the Webb-Kenyon Law, chapter 90, Public Statutes Anno. Supp., 1914, p. 208, and our State legislation passed in reference thereto, notably chapter 97, Laws 1915, and chapter 44, 1913, has been established in this jurisdiction so far as the question can be settled by State decision. *Glenn v. Express Co.,* 170 N. C., 286; *S. v. R. R.,* 169 N. C., 295, and other like cases.

As a matter of form, in respect to the feature of the charge that the unlawful delivery of the quantity specified was to "a person or persons to the jurors unknown," the bill of indictment has been held sufficient, *S. v. Dowdy,* 145 N. C., 432; *S. v. Tisdale,* 145 N. C., 422; and the principal question presented is whether, on the facts contained in the special verdict, the defendant is guilty of the offense, under the statute, charged against him in the bill. The part of the law more directly relevant to the inquiry, chapter 97, Laws 1915, section 1, is as follows: "That it shall be unlawful for any person, firm, or corporation, or any agent, officer, or employee thereof to ship, transport, carry, or deliver, in any manner or by any means whatsoever for hire or otherwise, in any one pack-

age or at any one time, from a point within or without this State, to any person, firm, or corporation in this State, any spirituous or vinous liquor or intoxicating bitters in a quantity greater than one quart or any malt liquors in a quantity greater than five gallons; and it shall be unlawful for any spirituous or vinous liquors or intoxicating bitters so shipped, transported, carried, or delivered in any one package to be contained in more than one receptacle."

From a perusal of this section it appears that the provision creates and was intended to create two offenses:

1. That of carrying or transporting in this State, or from a point within or without the State, by any person, firm, or corporation, to or for any other person, firm, or corporation, in one package or at one and the same time, more than one quart of spirituous liquors.

2. That of so carrying or transporting spirituous or malt liquors in any quantity where the packages for such person are contained in more than one receptacle, that is, each package shall be carried for and go to its owner as a distinct and separate parcel.

The bill of indictment, drawn under the first clause of the section, charges that the defendant unlawfully brought into this State certain spirituous liquors, in quantities greater than one quart, to be delivered to a person or persons to the jurors unknown, and the facts established in the special verdict are that he bought four quarts of whiskey in Florence, S. C., and brought the same into the State, one quart being for himself and one quart each for three other designated persons.

According to these findings, it has not been shown that the defendant has committed the offense against the statute, as charged against him in the bill, of bringing into this State in "any one package or at any one time," for delivery to another, any spirituous liquors in quantities greater than one quart. Whether, on the facts as they existed, the defendant may have been guilty under the second clause of the section by reason of the manner in which the whiskey was packed and transported or carried by him is not before us. Such an offense is not charged in the bill nor are the facts established relevant to and controlling on such an issue.

On the charge as now made and the facts contained in the verdict, we are of opinion that his Honor should have directed a verdict of not guilty to be entered. This will be certified, that the verdict be entered as indicated and the prisoner discharged.

Reversed.

CLARK, C. J., dissenting: The statute provides that it "shall be unlawful for any person, etc., to transport, carry, *or* deliver in any manner, or by any means whatsoever, for hire or otherwise, . . . *at any one time* from a point within or without this State to any person, etc., in this State any spirituous or vinous liquor, etc., in a quantity greater than one quart."

The indictment charges that the defendant "purchased four quarts of whiskey in Florence, S. C., one quart for himself and one quart for each of the following persons (naming them); that he got upon the train at Florence, S. C., and came to Wadesboro, N. C., with the whiskey, intending to use one quart for himself and to deliver one quart to each of the three persons above named, who resided in Anson County." "Intending to deliver" to them means transporting or carrying for delivery to them.

Upon the charge and the facts found, the judge properly held the defendant guilty, for he transported at one time from a point without the State, for persons in this State, spirituous liquors in a quantity greater than one quart. It is found that he reached Wadesboro with said liquor for the purpose of delivering the same. The fact that he was arrested before the liquor was delivered in no wise condones the offense, prescribed in the statute, of transporting, carrying, *or* delivering the whiskey for any person or persons in this State in the forbidden quantity.

The fact that the defendant intended to divide it after he reached here (if it was in one package) into four several parcels does not affect the fact that he brought in more than a quart at one time, for the purpose of delivery.

It is not found as a fact, and there is no presumption, that the defendant brought the whiskey in four several packages, nor would it matter if it had been so found, for the act provides that it shall be unlawful if spirituous liquors shall be brought in "at any one time" in "quantity greater than a quart." It is the fact of bringing in such quantity at any one time, for a person or persons, that is unlawful, and it is immaterial whether at "any one time" such quantity was in separate packages or in one package.

It is none the less in furtherance of the mischief intended to be remedied that intoxicating liquors shall be brought in in one barrel to be drawn out in quantities of a quart or less for each person, or whether it shall be brought in in 150 bottles, like champagne, for instance, packed in straw or sawdust, with the purpose of delivering a bottle to each of 150 persons. The intent of the law is plain, and an evasion in whatever method is a violation of the purpose and the letter of the law. The law is made to be obeyed. Every purpose and intent thereof is defied by the acts of the defendant herein charged and found as facts.

When a common carrier brings in a number of quart bottles addressed each to a separate consignee, it brings in but one quart at one time to each consignee; but here the defendant is the purchaser of four quarts, which he brings in with merely the "intent" to hand to three other persons, and this is bringing in four quarts at one time, whether they are in one package or in four.