STATE v. J. A. POYTHRESS.

(Filed 24 October, 1917.)

1. **Indictment — Criminal Law—Warrant—Complaint—Omissions—Forms— Judgment.**

   The omission of the name of the party in the complaint, against whom a criminal offense is charged, will not of itself invalidate the indictment, when the warrant of arrest thereto attached and referred to contains his name and clearly indicates him as the person charged, the complaint and warrant being read together, and in this way they are sufficient in form to proceed to judgment upon conviction. Revisal, secs. 1467, 3254.

2. **Indictment—Amendments—Courts—Criminal Law.**

   The policy of the law is to allow liberal amendments to the warrant of arrest, with the limitation that the amendments allowed must conform to the evidence elicited on the trial; and, in this case, on appeal from a recorder's court, and on trial in the Superior Court, under indictment for violating the State prohibition laws, the court properly allowed amendments alleging two additional counts, there being abundant evidence to sustain them.

3. **Verdict—Criminal Law—Indictment—Several Counts—General Answer.**

   Where there are several counts in a bill of indictment charging a violation of the State prohibition law, with evidence as to each, and the court has instructed the jury, if they acquitted the defendant on any one or

more of the counts, to so specify, a general verdict of guilty is not objectionable, though it were better for the jury to answer as to each count, the verdict meaning that the defendant had been found guilty under all of them.

CRIMINAL ACTION, tried before *Kerr, J.,* and a jury, at May Term, 1917, of DURHAM.

The defendant was charged with the following crimes:

1. That he engaged in the business of selling, exchanging, bartering, or giving away spirituous liquors, for the purpose of gain, directly or indirectly.

2. That he had in his possession twenty-seven pints of such liquors for the purpose of sale.

3. That he received at one time and in one package more than one quart of whiskey, to-wit, twenty-seven pints.

There is an averment in the verified complaint that all these acts were unlawfully, willfully, and maliciously done, and were committed against the statute and against the peace and dignity of the State. The name of the defendant was omitted from the complaint, the words in that part of the charge where the name should appear being, "That on or about 24 April, with force and arms, in the county aforesaid and within Durham Township, did willfully," etc. The warrant of arrest, which was issued at the time the complaint was filed, contained the name of the defendant, and is partly in these words: "These are *therefore* to command you forthwith to apprehend the *said* J. A. Poythress, . . . to answer the above charge, set forth in the affidavit, and be dealt with according to law." Defendant pleaded "not guilty," before the recorder, and was tried, and having been convicted and sentenced, he appealed. There was no motion to quash or to arrest the judgment before the recorder, so far as appears. In the Superior Court the solicitor moved to insert two counts in the charge, and was allowed to do so, as follows:

"And did unlawfully and willfully sell to London Whitted, on the first day of February, 1917, twenty pints of whiskey, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State.

"And, further, that the said J. A. Poythress, on the first day of January, 1917, in Durham County, State aforesaid, did unlawfully and willfully sell to persons, to the court unknown, spirituous liquors, to-wit, one pint, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the court."

The jury returned a verdict of guilty, judgment was entered thereon, and defendant, after moving unsuccessfully to arrest the judgment, again appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*R. S. McCoin and Brawley & Gantt for defendant.*

WALKER, J., after stating the case: The complaint did not allege any offense against the defendant, as his name was not mentioned therein, but the warrant refers distinctly to the complaint, and, besides, was physically annexed to it. When this is the case, it may supply any omission or deficiency in the former, and if the two, when considered together as parts of the same proceeding, sufficiently inform the defendant of the accusation made against him, nothing else is necessary to be done. We so held in *S. v. Yellowday,* 152 N. C., 793, where it was said: "The second objection is that the allegations of the complaint or affidavit were not inserted in the warrant; but this is untenable, as the warrant clearly refers to the affidavit and called upon the defendant to answer its allegations. This is all that the law requires in such a case," citing *S. v. Winslow,* 95 N. C., 649; *S. v. Davis,* 111 N. C., 729; *S. v. Sharp,* 125 N. C., 634; *S. v. Yoder,* 132 N. C., 1113; to which we add *S. v. Sykes,* 104 N. C., 694.

In those cases, the affidavit, or original charge, was essentially changed, and yet it was held that the Superior Court had the power to amend it. It has also been held by this Court that if the defendant is before the court, without regard to the manner by which he was brought there, the court will not release or discharge, but proceed against him criminally for any offense, within its jurisdiction, which he may have committed, although not the one for which he was arrested. *S. v. Cale,* 150 N. C., 805.

Bishop's New Criminal Procedure, sec. 235, subsec. 1, says: "From the principles stated, it seems, if a warrant of arrest is insufficient or void, if the accused person is brought before the magistrate under it, he is not therefore to be set at liberty, whatever may be his rights as against the officer and others connected with its proceedings."

The other objections and exceptions by the defendant relate principally to the ruling of the court allowing amendments to the warrant. The policy of the law as evidenced by section 1467 of the Revisal and numerous decisions of this Court is one of liberality in allowing amendments in the Superior Court to warrants issued by justices of the peace, and such amendments are allowed even after verdict (*S. v. Smith,* 103 N. C., 410), and even after a special verdict (*S. v. Telfair,* 130 N. C., 645). The only restriction would seem to be that the amendment must be made to conform to evidence elicited on the trial, as shown by the record (*S. v. Baker,* 106 N. C., 758). The effect of this amendment was to add two additional counts to the charge upon which the defend-

ant was being tried, both amendments conforming to the evidence elicited on the trial, as appeared from the record, and both amendments abundantly supported and sustained by evidence offered at the trial. Much of this evidence, as appears, was not objected to by the defendant, and if believed by the jury, established the guilt of the defendant, and further showed that he had persistently carried on the business of a "blind tiger" and dealt in large quantities, and did not merely conduct a small business of selling liquor by the drink or by the half-pint. The evidence, if believed by the jury, was amply sufficient to convict the defendant upon the first count in the warrant, which is made a criminal offense by section 1, chapter 44 of the Public Laws of 1913; on the second count in the warrant by section 2, chapter 97 of the Public Laws of 1915; on the third count by section 2, chapter 44 of the Public Laws of 1913. These sections have been lately construed by this Court in the case of *S. v. Carpenter,* 173 N. C., 767. If the defendant had·in a suitcase at one time 27 pints of whiskey, that would be receiving in one package more than one quart.

If his Honor had the power to permit the amendments upon the motion of the solicitor for the State, then it seems to be conceded in the brief of the defendant's counsel that the exceptions, both to evidence and to his Honor's charge, cannot be supported; but whether admitted or not, that is the true result. These exceptions seem to be predicated upon the idea that his Honor was without power to allow the amendments. The evidence clearly showed not only that the defendant had the quantity of whiskey prohibited by law, from which the jury could infer that he had such quantity for sale, but that, as a matter of law, he did sell, and in large quantities and for large profits, and evidently sold such quantities with the knowledge that his vendee was buying for the purpose of retailing, as he had the kind of packages that would suit the retail market.

There was evidence to support each count of the written accusation, as amended. If it was necessary to amend—and we have shown that it was not—as there were already sufficient accusations to warrant the sentence, the court undoubtedly had ample power to do so, and to allow either the affidavit or warrant to be amended in order to secure the proper administration of the law, without much, if any, regard to harmless technicalities. The statute so expressly provides, and as there seems to be either some misapprehension as to its meaning and scope, or failure to note its broad provisions, we may well reproduce it here, so as to direct special attention to it. Under the title "Process not quashed for form," it reads: "No process or other proceeding begun before a justice of the peace, whether in a civil or a criminal action, shall be quashed or set. aside for the want of form, if the essential matters are set forth

therein; and the court in which any such action shall be pending shall have power to amend any warrant, process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be deemed just, at any time, either before or after judgment." Revisal, sec. 1467.

As the judge clearly had the power to amend the warrant, the question then is presented whether the complaint and warrant, as amended, charged a criminal offense, for if it did we disregard immaterial defects in them. In this respect, the statute further provides: "Every criminal proceeding by warrant, indictment, or impeachment, shall be sufficient in form, for all intents and purposes, if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill of proceeding sufficient matter appears to enable the court to proceed to judgment." Revisal, sec. 3254.

The learned counsel of the defendant, who has argued the case with commendable zeal and with ability, took the further position that the jury has rendered a verdict of "guilty" generally, without stating therein on which count he was convicted. But this was not necessary. It may be advisable to do so, but it is not indispensable that it should be done. The verdict plainly meant, and should be so construed, that defendant was guilty on each and all of the counts. The judge instructed that if they acquitted defendant on any one or more of the counts, they should specify it in the verdict. The offenses charged are of the same grade, and punishable alike, and a general verdict of guilty in such a case, where there is a joinder of several counts, will be sustained, as it extends to all the offenses included in the charge. *S. v. Cross,* 106 N. C., 650; *S. v. Baker,* 63 N. C., 276; *S. v. Carter,* 113 N. C., 639; *S. v. Robbins,* 123 N. C., 730. If one of the counts is bad, the verdict is presumed to have been given on the one that is good. *S. v. Beatty,* 61 N. C., 52. A general verdict of guilty, when there are three counts, and the jury are instructed by the court to disregard two of them, will be applied to the third count. *S. v. Leak,* 80 N. C., 403. When the solicitor elects to try only on one count, or when the verdict is only on one of several counts, it is equivalent to an acquittal as to the others. *S. v. Sorrell,* 98 N. C., 738; *S. v. Taylor,* 84 N. C., 773. Where an indictment contains more than one count, but the evidence, charge of the court, and the argument of counsel were confined to only one of them, it will be presumed that the verdict followed the course of the trial, and that the jury considered only the counts in the same restricted way adopted at the trial, and that the verdict related to such count, and not to the others. *S. v. May,* 132 N. C., 1020.

We have held that a verdict for illegally engaging in the business of a retail liquor dealer, selling liquor by the small measure, to a person unknown, and selling it for gain, will be upheld if there is one good count, the presumption being that the verdict was confined to that count. *S. v. Avery,* 159 N. C., 495, citing *S. v. Tisdale,* 61 N. C., 220; *S. v. Holder,* 133 N. C., 710; *S. v. Dowdy,* 145 N. C., 432.

These are but illustrations of the different ways in which verdicts have been construed, so as to ascertain what was meant by the jury. A verdict of guilty, when there are several counts, is equivalent to a verdict of guilty as to all of them, or, in other words, such a verdict, in the absence of something to restrict it, extends to all the counts. There was evidence in this case sufficient to convict on each of the counts, and it will be presumed that the jury, when nothing appears but this general verdict, intended to embrace all the counts therein.

In the presence of our statutes upon this subject, which are quoted above, and even without them, we would not at all be disposed to reverse the judgment or arrest its execution on a mere technicality, if there is one here, because the defendant was fully apprised, by the complaint and warrant, of the particular charge made against him and had ample opportunity to defend himself against it. So that, in any view of the case, defendant was legally convicted, and the court had the power to impose the punishment.

No error.