Defendant was charged with the offense of vagrancy, the complaint and warrant alleging that she "did unlawfully and willfully keep, and was an inmate of, a bawdy house, assignation house, lewd and disorderly house and place where illegal sexual intercourse was habitually carried on, and thereby became a vagrant, in violation of Acts of 1905, ch. 391, Acts of 1915, ch. 1, and Acts of 1917, ch. 1012, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."
She was tried before the City Court of Raleigh, convicted and sentenced to twelve months imprisonment in jail, to take effect at the expiration of a former sentence, this being the second offense. The defendant appealed from this judgment to the Superior Court, where she was again convicted. She moved for arrest of judgment and also for a new trial, which motions were overruled, and she was thereupon sentenced to thirty days imprisonment in the jail of the county, and appealed from the judgment.
after stating the case; First. When the case was called for trial, the solicitor moved to amend the complaint and warrant by inserting the words "bawdy house and assignation house," and adding the words "thereby becoming a vagrant, in violation of the statutes" (enumerated in the motion and herein before stated). The motion was allowed and the affidavit and warrant accordingly amended." Defendant excepted.
The original complaint and warrant, as they now appear in the record, have these words in them, and it may be that they are not the originals, but if this be so, the court clearly had the (806) power to allow the amendment. S. v. Poythress, 174 N.C. 809. In that case we said in regard to a much more radical and serious amendment of a criminal warrant: "The other objections and exceptions by the defendant relate principally to the ruling of the court allowing amendments to the warrant. The policy of the law, as evidenced by section 1467 of the Revisal and numerous decisions of this Court, is one of liberality in allowing amendments in the Superior Court of warrants issued by justices of the peace, and such amendments are allowed even after verdict (S. v. Smith, 103 N.C. 410), and even after a special verdict (S. v. Telfair, 130 N.C. 645). The only restriction would seem to be that the amendment must be made to conform to evidence cited on the trial as shown by the record. S. v. Baker, 106 N.C. 758. The effect of this amendment was to add two additional counts to the charge upon which the defendant was being tried, both amendments conforming to the evidence elicited on the trial, as appeared from the record, and both amendments abundantly supported and sustained by evidence offered at the trial." And we further said that "in those cases (referring to those presently to be cited) the affidavit, or original charge, was essentially changed, and yet it was held that the Superior Court had the power to amend it."
As has already been stated, two counts were added to the original charge. It is true they related to the sale of the liquor, but the original accusation was that defendant (1) had engaged in the business or occupation of selling liquor; (2) that he had liquor in his possession for sale; and (3) that he received more at one time and in one package than the law allows, all of them different offenses, and we held that notwithstanding this the amendment could be made under the statute (Revisal 1905, sec. 1467). S. v. Winslow, 95 N.C. 649; S. v. Davis, 111 N.C. 729; S. v. Sharp,125 N.C. 634 (74 Am. St., 663); S. v. Yoder, 132 N.C. 1113; S. v. Sykes,104 N.C. 694. As the record now stands, and accepting it as importing verity, which we are required to do in the absence of any suggestion of any error in it or a diminution of it, there *Page 854 
was no necessity for an amendment, and the ruling of the court, if it could possibly be considered as erroneous, was harmless.
Second. The motion to nonsuit was properly overruled, as there was evidence for the jury upon the question of the defendant's guilt; and the motion in arrest of judgment was likewise properly refused, because the affidavit and warrant charged an indictable offense, and there is nothing appearing in the record for which the judgment can be arrested. The charge is made in the precise terms of the statute, and, for an apparent reason we should not give the warrants and proceedings (807) of magistrates a too drastic or technical construction, but even if we should do so in this case, the charge is well laid in the papers.
Third. The evidence as to reputation of the house was competent, and properly admitted, when considered in connection with the other testimony in the case. The statute itself makes such testimony competent. Pell's Revisal, sec. 3353-A. 1 Wharton's Cr. Evidence (10 Ed.), sec. 261, states the well-settled rule to be that "On indictments for keeping houses of ill fame, when such is the statutory term designating the offense, the ill fame or bad reputation of the house may be put in evidence." For that statement in the text the following cases are cited in the note: U.S. v. Gray, 2 Cranch C.C., 675, Fed. Cas. No. 15251; U.S. v. Stevens, 4 Cranch C.C., 341, Fed. Cas. No. 16391; Caldwell v. S., 17 Conn. 467; People v. LockWing, 61 Cal. 380; People v. Buchanan, 1 Idaho 681. See U.S. v. Johnson, 12 Rep., 135. See, also, S. v. Blakesley, 38 Conn. 523.
The annotation of this text states that care should be taken to see whether the statute makes the reputation or ill fame, an essential element of the crime, or whether the actual character of the house is the fact in issue. If the reputation is a constituent part, evidence of it is, of course, admissible, but if the actual character of the house is the question to be determined, then reputation becomes admissible like any other evidentiary fact, and is used as one of the exceptions to the hearsay rule. 1 Wharton's Cr. Evidence, sec. 261, n. 1. But the statute is sufficient authority for the admission of the evidence. It was competent for the Legislature to enact such a rule of evidence. It will be noted that the reputation of the character of the house, as being one forbidden by the law, is not given even the force of presumption or prima facie case, and is certainly not made conclusive proof of the ultimate fact sought to be established. It is only a circumstance which the jury are permitted to consider in passing upon the defendant's guilt. Some of the courts have suggested the necessity of a natural connection between the fact inferred or presumed and the fact upon which the presumption or inference is based, as a condition of the power of the Legislature to declare prima facie rules of evidence. *Page 855 
Thus the Court, in S. v. Beach, 147 Ind. 74, and 36 L.R.A. 179 (cited in S. v. Thomas, infra), declared, obiter, that a law which provides that certain facts are conclusive proof of guilt would be unconstitutional, "as also would one which makes an act prima facie evidence of crime which had no relation to a criminal act and no tendency whatever to establish a criminal act."
So the Court, in People v. Cannon, 139 N.Y. 32, 36 Am. St. Rep., 668, said: "The fact upon which the presumption is to rest must have some fair relation to or natural connection with the main fact. The inference of the existence of the main fact because of the (808) existence of the fact actually proved must not be merely and purely arbitrary or wholly unreasonable, unnatural, or extraordinary." This qualification of the legislative power is denied in 2 Wigmore on Evidence, sec. 1354, p. 1672, upon the theory that if the Legislature can make a rule of evidence at all, it cannot be controlled by the judicial standard of rationality any more than its economic fallacies can be invalidated by the judicial conception of economic truth. Without, however, conceding that the rationality of the legislative rule of evidence is in no case open to judicial examination, it is probably safe to assume that the courts will be reluctant except in extraordinary cases, to declare that the legislative rule is so irrational as to be invalid.Banks v.S., 52 S.E. (Ga.), 74. (Same case and note in 2 Law Reports Anno. (N.S.), p. 1007, especially the note at pp. 1008 and 1009, where the subject is discussed with a citation of some of the authorities bearing upon it.) See, also, S. v. Thomas, 2 L.R.A. (N.S.), p. 1011, citing S.v. Beach, 147 Ind. 74 (36 L.R.A. 179); S. v. Boyd, at this term;Jones v. Brim, 165 U.S. 180.
"It is within the power of the Legislature to prescribe a rule of general application based upon a state of things which is ordinarily evidence of the ultimate fact sought to be established." Hawker v. S., of New York, 170 U.S. 189, 197.
The principle seems to be quite well settled that the Legislature has the power to declare that reputation, in certain instances, shall be evidence as to the character of a house in which illicit traffic is carried on (S. v. Beach, 36 L.R.A. 179), and it may further declare that certain facts shall be prima facie or presumptive evidence of another fact. S. v.Barrett, 138 N.C. 630; S.c., 1 L.R.A. (N.S.) 626. If such facts were made conclusive proof of the criminal act, a different question would be presented; but they are in this case, as the statute does not go to that extent. The Barrett case has received the approval of this Court many times since it was decided. S. v. Wilkerson, 164 N.C. 432, where statutes making certain facts evidence or even prima facie *Page 856 
evidence of another fact involved in the issue have been upheld, and the distinction between those statutes which may be valid and those which may not be valid is fully stated. S. v. Divine, 98 N.C. 778, presented a different question and is easily distinguished from the cases above cited.
Fourth. The objections to the charge of the court cannot be sustained. The learned judge eliminated so much of the complaint as contained the separate charge of keeping a bawdy house and submitted all of the relevant evidence to the jury on the sole issue of vagrancy. There were circumstances in evidence which taken with the reputation of the house would warrant the jury in finding that the defendant was a vagrant (809) within the meaning of the statute. Any extended discussion of the facts would be useless. It may be that his Honor should not have excluded the charge of keeping a bawdy house as contended by the State, but if it was error to do so, it is plain that it was one committed in favor of the defendant, and she will not be heard by the law to complain.
With reference to the remaining allegations in the complaint and the evidence to support them, the court charged almost in the very language of the statute, and at least substantially so, and the jury could not well have been misled as to the issue they were trying or as to what was necessary to constitute guilt.
No error.
Cited: S. v. Mills, 181 N.C. 534; S. v. McNeill, 182 N.C. 859; S. v.Springs, 184 N.C. 771, 775; S. v. Hunt, 197 N.C. 708; S. v. Brown,225 N.C. 24; S. v. Robinson, 229 N.C. 649.
(810)